(46 South. 699.)

No. 16,619.

TRELLIEU CYPRESS LUMBER CO., Limited, v. ALBERT HANSEN LUMBER CO., Limited.

(December 2, 1907. On Rehearing, June 8, 1908.)

1. TAXATION — SALE OF LAND FOR NONPAYMENT OF TAX.

The present is a petitory action. The property involved in this litigation stood assessed in the year 1889 for the taxes of that year in the name of the original owner of the tract, and also in the name of S., who claimed to be the owner there by mesne conveyances under P. The taxes of that year were duly paid, and the state ceased thereby to be a creditor on that property for those taxes, no matter by whom the taxes were paid. Not being a creditor, it had no legal right to sell the property for the taxes of 1889. None the less it offered the property for sale and had it adjudicated to itself. It was then transferred by it to the Atchafalaya Basin levee district, which sold it to the defendant without warranty, declaring that it conveyed only the title it had acquired from the state. The state, having no title by the adjudication, conveyed none to the levee district, and the latter conveyed none to the defendant.

2. REAL ACTIONS—PETITORY ACTION—TITLE TO SUPPORT.

In a petitory action, plaintiff has to recover on the strength of his own title, and not on the weakness of that of a defendant in possession. Plaintiff's title, as exhibited in this case, does not entitle it to a judgment. It is therefore nonsuited.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 42, Real Actions, § 22.]

3. EVIDENCE—DOCUMENTARY—REQUISITES OF CERTIFICATE.

Recorders, certifying to the recording of acts in their offices, should state the dates of the recording, as well as the books in which the recording was made. Knowledge that they were recorded on a certain page of Book A or B is ordinarily of no value to the court.

Provosty, J., dissenting.

### On Rehearing.

4. EVIDENCE—SELF-SERVING DECLARATIONS.

In a petitory action, in which both parties claim title through the original patentee, the declaration of the appearers to a notarial act confirmatory of plaintiff's title that they are the children and heirs of the patentee is not evidence as against the defendant in possession, especially when it is not shown that the patentee is dead, or that, if living, he would be more than 100 years old.

(Syllabus by the Court.)

Appeal from Nineteenth Judicial District Court, Parish of St. Martin; James Simon, Judge.

Petitory action by the Trellieu Cypress Lumber Company, Limited, against the Albert Hansen Lumber Company, Limited. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

O'Niell & Alpha, James Mouton, and Daspit & Delahoussaye, for appellant. Martin, Voorhies & Martin, for appellees.

### Statement of the Case.

NICHOLLS, J. The present suit is a petitory action on the part of plaintiff, seeking to have its ownership of the N. E. ¼ of section 28, in township 11 S., of range 9 E., Southeastern district of Louisiana, recognized, and to be placed in possession thereof, and for damages. Plaintiff alleges that the defendant is in illegal possession of the property, and that it has cut on it and removed a large number of cypress trees, and is still cutting trees thereon.

Plaintiff alleges:

"That it owns the property by virtue of a sale from Walter Gilmore of date of August 25, 1902, and of record in this parish, in Book of Conveyances 59, folio 118, under No. 29,564. Walter Gilmore had acquired same on July 11th, by sale from the Berwick Lumber Company, Limited, recorded here in Book of Conveyances 53, folio 124, No. 27,114. The Berwick Lumber Company, Limited, had acquired same from G. Sitges, on April 24, 1889, as per sale of record here in Book of Conveyances 44, folio 781, under No. 19,892. G. Sitges had acquired same at sheriff's sale, as the property of G. H. Ring, on December 6, 1887, recorded here in Book of Conveyances 43, folio 428, under No. 19,219. George H. Ring had acquired same from Louis Leon, on April 1, 1883, as per sale of record here in Book of Conveyances 39, folio 446, under No. 17,259. Louis Leon had acquired same from Emile Pitre. See acknowledgment of Euphroisie Pitre and of Clemile Pitre, sole heirs of Emile Pitre, made October 3, 1902, and of record here in Book of Conveyances 58, folio 525, under No. 29,237."

In its answer the defendant pleaded the general issue, but admitted that it was in possession of the land claimed. It averred: That it was owner of the land by virtue of its title from the state of Louisiana and from the Atchafalaya Basin levee district, having purchased said land from the state of Louisiana and the said levee board, as will appear by the patent from the state and the board of commissioners of the Atchafalaya Basin levee district; the said state patent being No. 7,029, dated May 23, 1900, and the deed by the board of commissioners of said Atchafalaya Basin levee district all recorded in Book 52 of Conveyances, folio 59, entry No. 527, of the recorder's office of St. Martin parish.

That the said land became the property of the said Atchafalaya Basin levee district by virtue of Act No. 97, p. 107, of the Legislature of this state of the year 1890, as will appear by reference to the list and transfer made in pursuance of said act of the Legislature by the Auditor of the state of Louisiana in favor of the said board of commissioners, of date December 29, 1891, and of record in Book 50 of Conveyances, folios 227–237, entry No. 25,625.

That the state of Louisiana acquired said property by purchase at a tax sale made in the name of Emile Pitre, on the 31st of May, 1890, for the unpaid taxes of 1889, as will

appear by record in Book 45 of Conveyances, folio 780 et seq., entry No. 22,311, of the recorder's office of this parish.

That the said Emile Pitre acquired said land by purchase from the state of Louisiana, as will appear by reference to his patent duly recorded in the office of the recorder of this parish.

That at the time of its acquisition it immediately went into actual physical possession thereof and had the same surveyed and the lines marked out.

That the respondent and its authors aforementioned have been in the actual and civil, quiet, peaceable, undisturbed possession of the said property as owners thereof, under valid titles translative of property and duly recorded, for the period of more than 30 years continuously preceding this suit, and that they were all in good faith, both in their acquisition and possession of said property; and respondent therefore pleads in bar of plaintiff's suit the prescription of 3, 10, and 30 years.

That it only cut from the land described in plaintiff's petition about 170,000 feet of timber, of the value of about $510 standing.

The district court rendered judgment in favor of the plaintiff against the defendant, recognizing its ownership of the land claimed. It condemned the defendant to deliver possession of the same to the plaintiff, and under an agreement of the parties reserved to the plaintiff and its assignee the right to claim damages, if any, from the defendant for the trees the latter may have removed from the land and deterioration to the property. Defendant appealed.

The N. E. ¼ of section 28, township 11 S., range 9 E., was patented by the state on January 12, 1855, to Emile Pitre as containing 158.80 acres. The patent was placed of record in St. Martin parish on September 5, 1889.

This property was assessed on the tax rolls of the parish of St. Martin for the year 1889 in the name of Emile Pitre.

It is claimed by the plaintiff company that the property did not belong to Emile Pitre, that he had before that year sold it to Louis Leon, and that Louis Leon, as far back as the spring of 1883, sold it to G. H. Ring, describing it as "containing 159.80 acres," selling to him at the same time another tract, described as situated in the parish of St. Martin and "containing 238.50 acres, being the S. E. ¼ of section 21 in township 11 S., of range 9 E.; also the E. ½ of the S. W. ¼ of section 21, in township 11 S., of range 9 E."—the properties so sold aggregating a little over 397 acres. The sale by Leon to Ring of these properties, described as stated, is shown by the testimony in the record. The evidence shows that on the 3d day of January, 1887, the sheriff of the parish of St. Martin, acting under a writ of fi. fa., which issued from the justice's court of the Ninth Ward of the parish, in the suit of Widow P. J. Jacobs v. George H. Ring, seized, as belonging to George H. Ring, the following described property:

A tract of swamp land in the parish of St. Martin, being the S. E. ¼ and E. ½ of S. W. ¼, section 21, township 11 S., range 9 E., and N. E. ¼ of section 28, township 11 S., range 9 E., containing 397.30 acres, "and that under the seizure he sold the property seized to G. Sitges."

It appears that on the 25th of April, 1889, Sitges, through George H. Ring, as his agent sold the S. E. ¼ and E. ½ of S. W. ¼ of section 21, and also the N. E. ¼ of section 28, being 397.30 acres, all in township 11 S., range 9 E., to the Berwick Lumber Company, Limited. It appears that on the tax rolls of the parish of St. Martin for the year 1889 the N. E. ¼ of section 28, township 11 S., range 9 E., was assessed as the property of G. Sitges for the taxes of that year, and that those taxes, amounting to $4.20 were duly

paid, and that on the tax rolls of the same parish for the same year 1889 the S. E. ¼ and the E. ½ S. W. ¼, section 21, township 11 S., range 9 E., acreage 397 acres, was assessed in the name of the Berwick Lumber Company, Limited, and the taxes for that year 1889 were duly paid. It is seen from this that the taxes for the year 1889 on the property described in the assessment of that year in the name of Sitges, and also on the property described in the assessment of that year in the name of the Berwick Lumber Company, Limited, were duly paid. None the less the deputy tax collector of the parish of St. Martin on the 31st of May, 1890, offered for sale at public auction the N. E. ¼ of section 28, township 11 S., range 9 E., in enforcement of delinquent taxes of 1889 on that property under an assessment made thereon in the name of Emile Pitre, and, there being no bidders at that offering, the property was (under section 54, Act No. 98, p. 151, of 1886), adjudicated to the state of Louisiana. On the 29th of December, 1891, the State Auditor, acting under section 11, Act No. 97, p. 112, of 1890, transferred and conveyed to the board of commissioners of the Atchafalaya Basin levee district all the right, title, and interest which the state had in the property, which had been adjudicated to the state on the 31st of May, 1890. On the 23d of May, 1900, the president of the Atchafalaya Basin levee district board, acting under a resolution of that board of date April, 1893, sold and conveyed the property which had been so adjudicated to the state to the Albert Hansen Lumber Company, defendant. The sale was made without warranty or obligation to restore the price, the board declaring that it transferred only such title as it had acquired from the state.

On the 23d of May, 1900, the state patented the land of Albert Hansen Lumber Company, by reason (the patent declared) of that corpo-

121 LA.—23

ration being the purchaser of certificate No. 3,512, N. S. L.

The petition of the plaintiff admits the present possession of the property by the defendant company. A Mr. Sowards testified that immediately after the defendant company obtained the patent for the land he, acting for it, caused a surveyor to survey the property and marked the lines, that he had since that time prevented any one from trespassing upon the land, and that in 1903 he floated timber off the land for the defendant company.

### Opinion.

We have seen that on the 1st of April, 1883, Louis Leon sold the property involved in this litigation, together with another tract, to George H. Ring; but there is no sale appearing on the record from Emile Pitre, to whom it had been patented by the state as far back as 1855. The only thing upon that subject found is a notarial act, passed before Perret, notary public, on the 31st of October, 1902, in which Euphroisie Pitre and Clemile Pitre (declaring themselves to be the legal heirs of Emile Pitre) recognize that their father, Emile Pitre, had sold to Louis Leon the N. E. ¼, section 28, township 11 S., range 9 E., for a valuable consideration, and that they acquiesced in said transfer and abandoned and relinquished for the said reason their rights, privileges, and pretensions in favor of the Trellieu Cypress Lumber Company (the plaintiff herein), ratifying and confirming said transfer, in all its particulars, recognizing it as being valid, and confirming same with all legal effects.

In our statement as to the title to the property we have gone, so far, no further than to disclose the sale made by Sitges, through Ring, to the Berwick Lumber Company, on the 25th of April, 1889, of property which included the property claimed by the plaintiff in this case, and shown that the taxes on that

property for that year were duly paid. It appears from the tax rolls of the parish of St. Martin for the years 1898, 1899, and 1900 that that property was assessed for the taxes of those years in the name of the Berwick Lumber Company and that the taxes for those years were duly paid.

On the 11th of July, 1899, the Berwick Lumber Company sold to Walter T. Gilmore the E. ½ of E. ½ and fractional W. ½ of section 8, township 11 S., range 11 E., being 349.09 acres; also E. ½ of E. ½ of section 13, and N. E. ¼ of N. E. ¼ of section 24, and S. E. ¼ of S. W. ¼ of section 14, all in township 11 S., range 10 E., containing 240 acres, more or less; also S. E. ¼ of section 21, and "S." E. ¼ section 28, being 397.30 acres, being in township 11 S., range 9 E.; also the N. ½ of section 15, containing 320.94 acres, more or less, and being in township 9 S., range 8 E.

The act declared that the lands were sold subject to taxes of the year 1899 and all unpaid taxes for prior years, which the purchaser assumed, and waived all or any guaranty of title and subject to the above conditions. None the less the act declared that the property was sold free from any lien or incumbrance whatever, and with full and general warranty of title, and with full subrogation to all rights of warranty and all other rights as held therein by the vendor.

The act declared that all of the state, levee district, parish, and municipal taxes on said property had been paid, as evidenced by the tax collector's receipt in the possession of the vendor and exhibited to the notary.

According to the tax rolls of St. Martin for the years 1901 and 1902, the "N." E. ¼ of section 28, township 11 S., of range 9 E., was assessed in the name of Walter Gilmore, and the taxes for 1901 and 1902 were duly paid.

On the 25th of August, 1902, Walter Gilmore sold to the Trellieu Cypress Lumber Company (plaintiff) a number of tracts of land, among others the N. E. ¼ of section 28,

of township 11 S., range 9 E. This tract was sold without warranty of title. The present suit was instituted on the 11th of May, 1903.

It is already stated that the taxes for the year 1889, assessed on the property involved in this litigation, were undoubtedly paid to the tax collector. The question as to who paid them is of no moment, so far as the tax sale made in 1890 is concerned, as by the fact itself of payment the right of the state to sell the property for those taxes ceased. Kellogg v. McFatter, 111 La. 1037, 36 South. 112; Booksh v. Wilbert, 115 La. 351, 39 South. 9; Bernstine v. Leeper, 118 La. 1098, 43 South. 889. As the property stood assessed in 1889 in the name of Sitges as well as of Pitre, and as it is conceded that Pitre did not pay it, it follows that either Sitges (who had sold the property during that year to the Berwick Lumber Company) paid them, or its vendee (the Berwick Lumber Company) did so. The state, not occupying the position of a creditor for the taxes of 1889, had no basis upon which to sell the property, and acquired no title by the adjudication made to it, and none was conveyed by it either to the Atchafalaya Basin levee district or to the Albert Hansen Lumber Company. There was no tax sale of this property other than the one just referred to. The title set up by the defendant was through a conventional sale made by the state of property of which it claimed ownership when it had none.

It does not follow, from the weakness of defendant's claim of ownership, that judgment should be rendered against it in favor of the plaintiff. It has the right to be protected in its possession until ousted therefrom at the instances of the owner. Plaintiff may, in fact, be the owner; but the evidence does not establish that fact with certainty. In the sale from Sitges to the Berwick Lumber Company, the S. W. ¼ of section 28, township 11 S., range 9 E. is conveyed, and not the N. E. ¼. This may be a mistake in

description; but we have no right to assume such a mistake. In the next place, there is no legal evidence of a sale from Emile Pitre to Louis Leon, and none establishing as a fact that Euphroisie Pitre and Clemile Pitre were the children and legal heirs and representatives of Emile Pitre.

The statements made by these parties would, of course, bind them in any contest as between themselves and the Albert Hansen Lumber Company, but not conclude third parties, who may have acquired the ownership and the property from Emile Pitre prior thereto.

For the reasons assigned, it is hereby ordered, adjudged, and decreed that the judgment appealed from be, and the same is hereby, annulled, avoided, and reversed, and it is now ordered, adjudged, and decreed that plaintiff's demand be dismissed as of nonsuit; appellee to pay the costs.

MONROE, J., concurs. PROVOSTY, J., dissents.

### On Rehearing.

PROVOSTY, J. This is a petitory action. The property in dispute is swamp land, described as N. E. ¼ of section 28, township 11, range 9 E. It was patented by the state to Emile Pitre in 1855. Plaintiff claims that it purchased it from Walter Gilmore in 1902; that Gilmore purchased it from Berwick Lumber Company in 1899; that the Berwick Lumber Company purchased it from G. Sitges in 1889; that Sitges purchased it at sheriff's sale from G. H. Ring in 1887; that Ring purchased it from Louis Leon in 1883. No conveyance from Emile Pitre to Louis Leon is shown. The missing link is sought to be supplied by an act of ratification, signed by Euphroisie Pitre and Clemile Pitre, of date October, 1902. No attempt is made to connect Euphroisie Pitre and Clemile Pitre with Emile Pitre, except by the recital in the act of ratification that they are his children and

heirs, which, of course, is not evidence. No evidence is offered of the death of Emile Pitre, or of how old he would be at this time, if living, so as to raise a presumption of death. Defendant claims title through a tax sale made to the state in May, 1900, for the taxes of 1889, assessed to Emile Pitre.

Plaintiff has failed to show any title from Emile Pitre, and must fail as against a possessor in good faith.

Judgment set aside, and suit dismissed, as in case of nonsuit.