It follows, under well-settled jurisprudence, that the claim is not proven.

We are constrained to affirm the judgment.

For reasons stated, the judgment is affirmed.

---

(53 South. 700.)

No. 17,902.

RIGGS CYPRESS CO., Limited, v. ALBERT HANSON LUMBER CO., Limited.

(Nov. 14, 1910. Rehearing Denied Dec. 12, 1910.)

*(Syllabus by the Court.)*

1. JUDGMENT (§ 654*) — CONCLUSIVENESS — NONSUIT.

A judgment of nonsuit leaves all questions of law and of fact open for further adjudication.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1165; Dec. Dig. § 654.*]

2. TAXATION (§ 79*) — ASSESSMENT — SUFFICIENCY—RECORD OWNER.

In 1889 a tract of land in the parish of St. Martin was assessed to A., a patentee from the state of Louisiana, and the records of the parish disclosed no alienation of the land by A. *Held*, that the assessment was valid, although A. had previously conveyed the property to B. by unrecorded deed, and B. had conveyed the same to C. by duly recorded deed.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 139, 166; Dec. Dig. § 79.*]

3. TAXATION (§ 421*)—ASSESSMENT—DUPLICATE ASSESSMENT.

There is no duplicate assessment where different tracts have been assessed by different sectional subdivisions. Acreage in an assessment necessarily refers to the land actually included therein.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. § 421.*]

4. TAXATION (§ 730*)—SALE TO STATE—TITLE ACQUIRED.

Under the provisions of Act No. 85 of 1888, where property was adjudicated to the state in 1890, and was not redeemed within the year from the date of the recordation of the tax deed to the state, *held*, that the state acquired a legal title to the property.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1463; Dec. Dig. § 730.*]

Nicholls, J., dissenting.

Appeal from Nineteenth Judicial District Court, Parish of St. Martin; James Simon, Judge.

Action by the Riggs Cypress Company, Limited, against the Albert Hanson Lumber Company, Limited. Judgment for plaintiff, and defendant appeals. Reversed and dismissed.

Emmet Alpha and Burke & Burke, for appellant. Voorhies & Voorhies, Martin & Martin, and Borah & Himel, for appellee.

### Statement by NICHOLLS, J.

The plaintiff in this suit was the intervener in the case of the Treillieu Cypress Lumber Co. v. Albert Hanson Lumber Co., Limited, decided by this court in 1908 under the No. 16,619, reported in 121 La. 700, 46 South. 699. We in that case reversed on the original hearing the judgments appealed from which had recognized the intervener as the lawful owner of the northeast quarter of section 28 in township 11 south of range 9 east, and ordered the defendant company to deliver the same to the intervener, and dismissed plaintiff's demand as of nonsuit. The same judgment was rendered on rehearing.

The present action was filed on December 8, 1908. The plaintiff (as purchaser thereof) seeks to recover as holder of the same title which had been advanced by the Treillieu Cypress Lumber Company; it having under that title purchased the property from it. The petition filed in this case is substantially the same as that filed in the prior suit by the plaintiff and the intervener therein.

The present plaintiff refers in its petition to the proceedings in that case and claims that what was said therein respecting the tax sale under which defendant asserted title (declaring that it was null and void) was determinative of that title and can be urged against it as res judicata in the present suit.

Subsequently to filing its petition, plaintiff filed a supplemental petition, in which it alleged that since the filing thereof of the act of sale of the property from Emile Pitre to Louis Leon had been discovered among the records of the parish of St. Mary, where it had been duly recorded. The same defense is made by defendant herein as was made by it in its original suit. The district court rendered judgment in favor of the plaintiff recognizing it to be the lawful owner of the northeast quarter of section 28 in township 11 south, range 9 east, containing 158.60 superficial acres and ordering defendant to deliver possession of the same to the plaintiff. Under agreement between the parties, all rights were reserved to plaintiff, to claim damages, if any, for the trees which defendant may have removed and for deterioration of the property. The defendant has appealed.

The following reasons were assigned by the district judge for the judgment rendered by him:

"This case on appeal to the Supreme Court was dismissed as in case of nonsuit on the ground, as I take it, that no conveyance from Emile Pitre to Louis Leon was shown by the plaintiff, that the act of ratification by the heirs of Emile Pitre of date October, 1903, was not sufficient to supply the missing link, especially when it was not shown that they were the sole heirs and legal representatives of Emile Pitre and that he was dead. It is before me again in the name of Riggs Cypress Company, Limited, as plaintiff. The missing link having been found. The same issues raised in the prior suit relative to the tax deed, etc., and which were finally passed upon and affirmed, as I take it, by the Supreme Court in 121 La. 700, 46 South. 699, are here again raised by the defendant. Inasmuch as these issues (other than the issue relative to the deed from Pitre to Leon) are now a thing adjudged, it suffices for the purposes hereof that I make a part hereof my reasons for judgment filed in that suit and cite the opinion of the Honorable Supreme Court reported in said 121 La. 700, 46 South. 699.

"This being true, and the record disclosing the production and filing in evidence of the sale from Emile Pitre to Louis Leon of date June 25, 1879, and previous reasons given in the prior suit of Treillieu Cypress Company, Limited, v. this defendant, and made part hereof, I find plaintiff's chain of title complete and sufficiently strong to maintain its demand. It is true the sale from Pitre to Leon was not at the time recorded in the parish of St. Martin, but in the parish of St. Mary, due, I am led to believe, from the fact that the patent No. 1,353 from the state to Emile Pitre of date February 12, 1855, mentions no other parish than St. Mary, and because, likewise, the deed from Pitre to Leon is silent as to the parish wherein the land is situated; but this does not justify the defendant, nor is it in position to plead want of registry in the parish of St. Martin of that deed because it never acquired a valid and legal title to the land, as its authors the state and levee board having none as decreed in the opinion aforementioned and more especially as there existed long prior to the tax sale and the sale from the levee board to defendant numerous other recorded deeds of the property in question in the parish of St. Martin, starting with the sale of Louis Leon to George H. Ring, in 1883, and thereon down to the plaintiff in 1906. All of the respective vendees named in these respective sales were in equally as good faith and innocent third persons as was the defendant, and more so, because the defendant had and took cognizance of these various sales transferring the property, by the payment of the taxes as recited in the deeds and presumed to have examined the tax rolls of the parish of St. Martin evidencing the payment of the taxes during all these years by the respective owners who had possession during their respective ownership as shown by the evidence in the record.

"Under these circumstances, the defendant is not such an innocent third person as could now rely on such a defense in order to defeat plaintiffs' title, there being at the time other deeds and innocent third persons holding prior title and possession and paying the taxes due on the property. The missing link has been produced, and defendant cannot now be heard by invoking its invalid title to defeat plaintiffs' strong chain of titles derived from their common author. The question of damages has by agreement been left to be adjusted between the parties after the final decision of the suit should defendant be finally cast therein.

"Considering the facts and circumstances in which this case presents itself, standing as it does on its own bottom, and more especially referring to the case in 121 La. 700, 46 South. 699, wherein most of the issues have been finally passed upon and for additional reasons assigned therein, there is judgment for plaintiff decreeing it the lawful owner of the property as prayed for with all costs and to be taxed."

## Opinion.

LAND, J. The judgment in the former case (121 La. 700, 46 South. 699), being one of nonsuit, cannot be considered as res judicata. Weinberger v. Insurance Co., 41 La. Ann. 31, 5 South. 728; Johnson v. City, 50 La. Ann. 920, 24 South. 635. In that case the plaintiff was nonsuited because of the failure to prove a conveyance from Emile Pitre to Louis Leon, and there was no adjudication on the tax title of the defendant. Hence all issues of fact and questions of law were left open.

In 1879 Emile Pitre, who had purchased from the state in 1855, sold the tract of land in dispute to Louis Leon, and this title was recorded in the parish of St. Mary in 1879, but was not recorded in the parish of St. Martin where the land is situated until January 2, 1909. In 1883 Louis Leon sold to Geo. H. Ring, and in 1887 G. Sitges purchased Ring's title at sheriff's sale. Both of these titles were duly recorded in the parish of St. Martin. On April 24, 1889, Sitges, through Ring as agent, sold the said land, with other lands, to the Berwick Lumber Company, and the title was recorded in the parish of St. Martin on April 27, 1889. It is obvious that in January, 1889, when the assessor of St. Martin commenced listing property for assessment, the legal title to

the land in dispute stood in the name of Emile Pitre, as the records did not show that he had conveyed the same to any third person. McDuffie v. Walker, 125 La. 152, 51 South. 100; Moore v. Railroad Co., 126 La. 840, 53 South. 22.

The land was correctly assessed in the name of Emile Pitre for the taxes of 1889, and in 1890 was adjudicated to the state as evidenced by deed duly recorded in July, 1890.

In December, 1891, the land in dispute was conveyed by the State Auditor to the Atchafalaya Basin levee district pursuant to Act No. 97 of 1890.

In May, 1900, the Atchafalaya Basin levee district conveyed to the Albert Hanson Lumber Company the land in question, with only such title as it may have acquired from the state of Louisiana; and in the same month said company obtained a patent to the same land from the state of Louisiana.

The contention of plaintiff that the land in dispute was also assessed in 1889 to the Berwick Lumber Company and taxes thereon paid is not supported by the record. The assessment was of other sectional subdivisions, in a certain township and range, containing 397 acres. Section 7 of Act 85 of 1888 required land to be assessed by its boundaries or by divisions pursuant to the United States surveys. The area specified in the assessment refers to the tracts therein described by governmental subdivisions. Acreage per se describes no parcel or tract of land, and is required only for the purpose of agricultural statistics. Section 16. Id. The probabilities are that the land in dispute was omitted from the assessment of the Berwick Lumber Company for 1889 because it had already been assessed to Emile Pitre for the same year. The tax receipt issued to said company specifically describes the tracts on which the taxes were paid for the year 1889 as being section 21, while the land in dispute is a part of section 28.

Therefore this is no case of dual assessment or of the payment of the taxes for which the land was adjudicated to the state in 1890.

Under section 53 of Act 85 of 1888, a title deed was made to the state "as in sales to individuals," and was duly recorded; and under section 59, Id., the state acquired the legal right to take actual possession of the property, and to lease or rent the same for the benefit of the general fund. The property was not redeemed, and the title of the state was in December, 1891, conveyed to the levee district, as already stated.

The subsequent illegal assessments of the property to the Berwick Lumber Company and collections of taxes thereon did not affect the title of the state or levee district.

This doctrine has been incorporated in the body of our statutes. See section 61, Act No. 315 of 1910.

It is therefore ordered that the judgment below be reversed, and it is now ordered that plaintiff's demand be rejected, and this suit be dismissed, with costs in both courts; and it is further ordered that the defendant be recognized as the owner of the tract of land in controversy.

NICHOLLS, J., dissents.