**(109 So. 393)**

**No. 27223.**

### AVERY v. MAYO et al.

(May 31, 1926. Rehearing Denied June 28, 1926.)

*(Syllabus by Editorial Staff.)*

1. **Taxation** &#9758;319(2)—**Assessment in name of plaintiff is assumed to have been made prior to his conveyance to another recorded subsequent to January 1st (Act No. 170 of 1898, § 10).**

Under Act No. 170 of 1898, § 10, requiring assessor to examine conveyance records on or after January 1, assessment in name of plaintiff is assumed to have been made prior to conveyance of his property on February 27.

2. **Taxation** &#9758;319(2).

Assessor is presumed to do his official duties properly.

3. **Taxation** &#9758;338—**Assessment of entire land in name of plaintiff, conveying part thereof to another subsequent to date when assessor was required to examine titles, held valid (Act No. 170 of 1898, § 10).**

Assessment of entire land in name of plaintiff, conveying part thereof to another subsequent to date when assessor was required to examine titles, is valid under Act No. 170 of 1898, § 10, where plaintiff made no request to have only part of land assessed in his name, and record did not show time when assessment was put on rolls.

4. **Taxation** &#9758;659—**Tax sale after notices of delinquency and intention to sell had been properly addressed and sent by registered mail to owner held not invalid for want of notice.**

Tax sale after notices of delinquency and tax collector's intention to sell land were sent by registered letter, addressed and mailed to owner's post office address and received by nephew authorized to receive mail, *held* not invalid for want of notice.

5. **Taxation** &#9758;659—**If legal requirements for giving notice to delinquent tax debtor have been complied with, it is immaterial to validity of tax sale that he did not actually receive and read notice.**

When requirements of law for giving notice to delinquent tax debtor have been complied with and all reasonable acts have been done to give actual notice, it is immaterial in determining validity of tax sale that tax debtor did not actually receive and read notice.

Appeal from Fourteenth Judicial District Court, Parish of Calcasieu; Jerry Cline, Judge.

Suit by Happle Avery against Seaman A. Mayo and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Edwin F. Gayle, of Lake Charles, for appellant.

McCoy & Moss, of Lake Charles, for appellees.

O'NIELL, C. J. This is a suit to annul two tax sales of a tract of land containing 30 acres and described as the east three-quarters

of the N. E. ¼ of N. W. ¼ of section 3, township 11 south, range 12 west. The plaintiff has appealed from a judgment rejecting his demand.

He bought the land from the wife of Johnson A. Perry, one of the defendants, on the 6th of November, 1919. Plaintiff sold eleven-twentieths interest in the land (with other lands) to one C. V. Sparks on the 27th of January, 1921. The deed was filed for record on the 25th of February and recorded on the 28th of February, 1921.

The land was assessed in the name of the plaintiff, Avery, for the taxes of 1921. The taxes were not paid, and the land was sold for the delinquent taxes to Seaman A. Mayo, the other defendant in this suit, on the 25th of September, 1922. The deed was filed for record on the 15th of November, and recorded on the 25th of November, 1922. The land was sold also for the delinquent taxes of 1922, and adjudicated to Johnson A. Perry on the 11th of August, 1923, but, inasmuch as Mayo had already bought the land for the taxes of 1921, and was present at the sale on the 11th of August, 1923, to bid in the property again, he requested Perry to allow him to take a half interest in the latter's tax purchase, and, accordingly, the tax collector was directed to, and did, make the tax sale to Mayo, and, on the 4th of October, 1923, Mayo gave a quit-claim to Perry for a half interest in the land for the price that he had paid at the second tax sale. The second tax sale to Mayo was filed and recorded on the 6th of October, 1923. This suit to annul the two sales was filed by Avery on the 26th of December, 1924; that is, after the year allowed for redemption had expired, but before the action to annul was barred by the prescription of three years.

Three causes of nullity are alleged by the plaintiff, viz.: First, that he owned only nine-twentieths interest in the land when the whole was assessed to him in 1921; second, that he did not receive the notices of delinquency and of the tax collector's intention to sell the land, as required by law; and, third, that the defendant Perry was under contract to pay the taxes on the land, and by a fraudulent conspiracy with the defendant Mayo allowed the property to be sold for taxes, for their mutual and unlawful advantage.

[1-3] The law requires that lands shall be assessed to their owner, according to the conveyance records of the parish; but, inasmuch as it is not practicable for the assessor to make note of every transfer made during the year, or to make every assessment on one and the same date, the law requires him to examine the conveyance records and abstracts of land entries "on and after the 1st day of January of each year," to make note of all transfers recorded, and to compare the description and the ownership with the assessment rolls. Section 10 of Act 170 of 1898, p. 352. The deed by which plaintiff sold to Sparks the eleven-twentieths interest in this land was not filed for record until the 25th of February, and not recorded until the 27th of February, 1921—nearly two months after the assessor had commenced his examination of the conveyance records, if he did his duty in that respect. Under the presumption that his official act was done right, it must be assumed that the assessment in the name of Perry was made before the 27th of February, 1921, when the title stood of record in his name. Riggs Cypress Co. v. Hanson Lumber Co., 127 La. 450, 454, 53 So. 700. The plaintiff might have insisted upon having only nine-twentieths interest in the land assessed to him for the taxes of 1921, instead of having all of it assessed to him, on or after the 25th of February, 1921, but he did not make any such demand or request, or turn in a list of his property for assessment for that year. There is no proof in the record as to what time in the year 1921 the assessment was actually put upon the rolls. Our conclusion is that the assessment was valid in that respect.

[4, 5] The notices of delinquency and of the tax collector's intention to sell the land for the delinquent taxes were sent by registered letter, properly addressed to · Happle Avery and mailed to his post office address. They were received and receipted for by his nephew, who was associated with him in certain land deals, who was at one time employed by him, and who, we have no doubt, had authority to receive his registered mail. When the ·requirements of the law for giving notice to the delinquent tax debtor have been complied with, and everything has been done that could reasonably be done to give actual notice, it is not important that the tax debtor did not actually receive and read the notice. Hoyle v. Athletic Club, 48 La. Ann. 879, 19 So. 937; Welsch v. Augusti, 52 La. Ann. 1954, 28 So. 363; Baum v. Smith, 127 La. 1089, 54 So. 399. There is nothing to the contrary in Adsit v. Park, 144 La. 934, 938, 81 So. 430, 431, cited by counsel for appellant, viz.:

"It has been held several times that the failure of a tax debtor to receive notice of delinquency does not prevent the tax collector's making a valid sale of the property assessed for taxes, provided the tax collector has complied with the legal requirements for giving notice, as, by addressing the notice to the tax debtor and sending it by registered mail, as required by sections 50 and 51 of Act No. 170 of 1898. But the rulings of the court have been consistent, in this, that a sale of property for delinquent taxes is invalid if the tax collector has failed to comply with the requirements of law for giving notice to the tax debtor and if, in consequence, the tax debtor did not have notice previous to the sale."

Our conclusion is that the tax sales in this instance were not invalid for want of notice.

We agree with the district judge also in his finding of fact that the defendant Perry was not under any obligation to pay the taxes on the land after his wife had sold it to the plaintiff. There is no proof of fraudulent conspiracy between the defendants Perry and ‑Mayo. Mayo had not had any dealings or un-derstanding at all with Perry when he, Mayo, bought the land at the first tax sale.

The judgment is affirmed at appellant's cost.