MATTERN v. PARQUTT

———

(June 27, 1929. Opinion and Decree.)
(June 10, 1929. Rehearing Refused.)

———

Wm. Winans Wall, of New Orleans, attorney for plaintiff, appellee.

Jose A. Morales, and Henry J. Rhodes, of New Orleans, attorneys for defendant, appellant.

JANVIER, J. Plaintiff, claiming to have bought Lots 21 and 22 in Square No. 2674, bounded by Foy, Duplessis, Manuel (or White) and Jumonville Streets, assessed in the name of defendant, at a tax sale by the State Tax Collector for the City of New Orleans on July 9, 1924, for the unpaid State taxes of 1923, filed this suit on November 8, 1926, praying

that he be put in possession thereof by the civil Sheriff under Act 170 of 1898.

Defendant answered denying ownership of the property by plaintiff, and, as plaintiff in reconvention, averred that he was the owner by recorded title and that the tax sale was null for want of legal notice.

There was judgment for plaintiff and defendant has appealed.

The only question is one of fact: whether notice of delinquency was ever given.

The record shows that defendant on January 7, 1919, purchased the above described property from Elia Pailet for $300 —$5 cash and balance on credit, to be paid at the rate of $1 per week; that in 1922 defendant built on the property an humble shack in which he lived with his wife, said shack bearing No. 3815 Jumonville Street; payment of State taxes for 1923 was neglected and the property was sold to plaintiff in 1924; that a notice of delinquency in the name of Louis Parqutt was delivered in July, 1924, to Virginia Palmer at 3821 Jumonville Street by George Connolly, deputy tax collector.

Both defendant and his wife are old, ignorant negroes, who cannot read, and the evidence as to their distinction between tax receipts and notices of delinquency is by no means clear.

The date when the notice of delinquency reached Parqutt is disputed. The agent of plaintiff testifies that defendant showed him the notice when he called at the place some time in September, 1923, before the year for redemption had expired. Even if this statement be admitted as correct, it by no means proves that defendant was notified ten days before the sale, as required by law.

Defendant swears that he did not receive the notice until after the adjudication had taken place. In this statement defendant is confirmed by his wife. Both swear that they never heard of Virginia Palmer and they knew no such number as 3821 Jumonville Street. Although the credibility of defendant's wife is somewhat diminished by her statement that she did not know how many houses there were in the block on which she had lived since 1922, the record convinces us that plaintiff has failed to prove proper notice, and judgment must therefore be reversed.

"Notice is sacramental." Tensas vs. Sholars, 105 La. 357, 29 So. 908.

"The presumption of validity yields to denial by owner of receipt of the notice." In Re Nylka, 8 Orleans App. 151; In Re Lafferranderie, 114 La. 6, 37 So. 990.

"Notice served on a friend of the tax-debtor who in turn hands it to the latter is not sufficient." Fos vs. Nylka, 11 Orleans App. 68.

However, under the Louisiana Constitution of 1921, Article X, Sec. 11, a judgment annulling a tax sale can have no effect until the price paid at the tax sale and all taxes and costs are refunded with interest at the rate of 10 per cent on the amount of the price and all taxes from date of demand.

It is ordered, adjudged and decreed that the sale made by Peter J. McGoey, the State Tax Collector for the City of New Orleans, on October 19, 1924, to Charles Mattern, of Lots Nos. 21 and 22 in the Square No. 2647, bounded by Foy, Duplessis, Manuel (or White) and Jumonville Streets, for the unpaid taxes of 1923, be declared null and void and of no effect.

It is further ordered, adjudged and decreed that the inscription of this tax sale in Book 382, Folio 432, of the Conveyance Records of Orleans Parish be cancelled

and annulled by the Register of Conveyances.

It is further ordered that all costs of this proceeding in both courts be paid by defendant, Louis Parqutt.

It is further ordered that this judgment shall not be executed until the defendant, Louis Parqutt, has paid to plaintiff, Charles Mattern, the amount paid by him for the property at the tax sale, and all taxes paid by Mattern on this property, with interest at the rate of 10 per cent per annum on all items.