No. 3280

Second Circuit

PAGE v. PITTS ET AL.

(April 9, 1931. Opinion and Decree.)

J. G. Gibbs, of Shreveport, attorney for plaintiff, appellant.

F. L. Hargrove, of Shreveport, attorney for defendants, appellees.

McGREGOR, J. This is a suit to set aside and to annul a tax sale of an undivided one-half interest in the W½ of SW¼ of NE¼ of Section 18, Township 21 North, Range 15 West, situated in Caddo parish, Louisiana. The South Sulphur Drilling and Operating Company was from July 14,

1919, to July 7, 1924, the undisputed and recognized owner of the said interest which was at all times up to and including the year 1923 duly and properly assessed to it. The state and parish taxes for the year 1923 were not paid and at the regular tax sale conducted by the sheriff of Caddo parish in 1924 the property was sold for the payment of the delinquent taxes due the state, parish, etc., with interest and costs, as provided by law, and A. C. Pitts became the purchaser. On December 27, 1926, more than two years after the tax sale, the South Sulphur Drilling and Operating Company, in spite of said sale, undertook to sell this same property interest to Dr. James L. Page, plaintiff herein, so that on and after December 27, 1926, there were two record owners of said interest—A. C. Pitts and Dr. James L. Page, A. C. Pitts subsequently died and the defendants herein are his widow and heirs. After the plaintiff had secured his deed he filed this suit to set aside and to annul the tax sale whereby A. C. Pitts, the deceased husband and father of the defendants, had acquired title to the property on July 7, 1924. The nullity of the said tax sale is asserted upon the alleged ground of want of notice to the tax debtor, South Sulphur Drilling & Operating Company, as required by law.

In the court below the case was tried and decided upon an agreed statement of facts. According to this stipulation the address of the South Sulphur Drilling & Operating Company was 409 Marine Bank Building, New Orleans, Louisiana, in care of E. P. Bray. It is admitted that the sheriff and ex officio tax collector of Caddo parish, Louisiana, within the time and in the manner provided by law, sent the usual notice to the tax debtor by registered mail to this address. It is further admitted that the said E. P. Brady, if present, would testify that this notice was not received by him and that so far as he knows it was not received by anyone connected in any way with the said South Sulphur Drilling & Operating Company. The judgment of the lower court was in favor of the defendants and therefore rejected the demands of the plaintiff. From this judgment the plaintiff prosecuted this appeal.

It is evident that the sole issue in the case is as to whether proper and legal notice of the tax sale was given by the sheriff and tax collector. It is admitted that a legal notice was properly sent by registered mail to the right address. The failure of E. P. Brady or of "anyone connected in any way with the said South Sulphur Drilling & Operating Company," so far as he, the said E. P. Brady, knows, to receive the said notice, after it was properly issued and sent by registered mail to the correct address furnished by the tax debtor, cannot affect the validity of the tax sale. Hoyle v. Southern Athletic Club, 48 La. Ann. 879, 19 So. 937; Baum v. Smith, 127 La. 1089, 54 So. 399; Adsit v. Park, 144 La. 934, 81 So. 430; Avery v. Mayo, 161 La. 699, 109 So. 393.

Counsel for the plaintiff and appellant has cited us to the following cases in support of his contention that the tax sale attacked is null for want of notice: Recker et al. v. Dupuy et al., 161 La. 392, 108 So. 782; Kivlen v. Horvath, 163 La. 901, 113 So. 140; Ryals v. Todd, 165 La. 952, 116 So. 395; Mattern v. Parqutt, 10 La. App. 769, 123 So. 189. In the case of Recker et al. v. Dupuy et al., at the time that the usual notices of the approaching sale of property for delinquent taxes were sent out, the plaintiffs, Recker, et al., were the owners of the property and were, therefore, under the law the real tax debt-

ors and were the ones entitled to receive the usual notices from the sheriff and ex officio tax collector. In spite of this fact the sheriff sent the notice to J. W. Murrell, who was the owner of the property at the time it was assessed, but who had sold it before the said tax sale and before the said notice was sent by registered mail to him. The court held the sale null for want of notice to Recker et al., the real tax debtors. It was not a question as to whether a notice which had been legally issued and sent to the right address of the real tax debtor had been actually received, as is the case here, but it was a question as to whether the usual notice was issued and mailed to the right party, and it was found by the court that no notice had been mailed at all to the tax debtor who was the owner of the property at the time that the usual notices were mailed out. This identical situation was also presented in Kivlen v. Horvath and in Ryals v. Todd. Therefore, these three cases do not support the contention of the plaintiff. In the case of Mattern v. Parqutt, it was shown that no legal notice of the tax sale was ever sent to the proper address of the tax debtor. In fact, it was shown that the notice was sent to the wrong address and that the tax debtor never received the same until after the tax sale. It is also shown that this failure to send the notice to the correct address of the tax debtor was the fault of the sheriff and tax collector and in no way the fault of the tax debtor. Therefore, this case does not in any way support the contention of the plaintiff and appellant.

Granting that Mr. E. P. Brady never received the registered notice and that, so far as he knows, no one with authority received it, the fact remains that it was properly sent to the correct address furnished by the tax debtor and that the sheriff and ex officio tax collector complied fully with the letter of the law. If the notice had not been delivered to someone at that address it would have been returned to the sheriff and that fact would have been easily proved. We do not think that the tax sale should be set aside "simply because the tax debtor is able or willing to testify that as a matter of fact he never received the delinquent notice," when it is admitted that the notice was properly sent to the correct address and when there is no evidence of its having been returned to the sheriff and ex officio tax collector.

For the reasons assigned the judgment appealed from is affirmed, the plaintiff to pay the costs of both courts.