The suit is to set aside a tax sale made by the sheriff and tax collector of Tangipahoa Parish on December 10, 1932, for taxes due by Maggie Jones for the year 1931, the defendant being the tax purchaser. The School Board purchased from Maggie Jones in March, 1940, a lot of ground measuring 60 by 100 feet, and being a part of the one-acre tract owned by said Maggie Jones and which was sold for the taxes of 1931. The School Board in its petition prays to be recognized as the owner of the lot purchased by it from Maggie Jones and for the cancellation of the tax deed.
While there are several grounds set up for annulling the tax sale, it is conceded that there is only one serious ground now urged, that is a failure of the tax debtor to receive a notice of delinquency prior to the sale as required by law. The trial judge set aside the tax sale, and the defendant, Fortenberry, has appealed and has filed an exception of no cause or right of action in this court based on the ground that the petition alleges that no notice of delinquency was ever received by the tax debtor, whereas the law does not require that such a notice be received by the tax debtor; that the only requirement is that such notice be sent by registered mail.
In a strictly technical sense, this exception may have some merit as it is not necessary under all circumstances that a tax debtor actually receive the delinquency notice, if it was properly sent by the tax collector. However, the allegation that the notice was not received by the tax debtor is sufficient to admit proof to determine whether or not the notice was properly *Page 640 
sent prior to the sale. The exception is therefore overruled.
The evidence is not very clear on the question of whether or not registered notice was sent to the tax debtor by the tax collector. The property was assessed in the name of Maggie Jones whose address was given on the tax rolls as Amite, La. She resided in New Orleans, and her son, Walter Butler, resided on the property which is located in the town of Amite. He testified that he received notices and paid the taxes for his mother; that he got a notice in 1932 about the taxes, but not a registered notice. He says that in 1933 he redeemed the property from a tax sale by paying a lady presumably in the Sheriff's office seven or eight dollars and got a receipt which has been lost or misplaced. The record shows that the property was sold in 1930 for the town taxes and was redeemed in June, 1931, by the payment of $7.58 to Dr. McClendon the tax purchaser. This is evidently the redemption that Walter Butler had in mind. The property was also sold for the town taxes in 1933, and in 1939, the property was redeemed by the payment of the town taxes from 1932 to 1938, inclusive.
Maggie Jones testified that she never received any tax notices at all; that she has lived in New Orleans for 28 years, and her son, Walter Butler, lived on the property and looked after the taxes. There is in the record a notice of delinquency addressed to Maggie Jones, Amite, La., advising her of her delinquent taxes for 1930, and this registered letter, with the return card, was returned to the tax collector unclaimed and undelivered. Of course, this returned notice had nothing to do with the notice required to be sent for the delinquent taxes of 1931.
The only proof of the mailing of the registered notice of delinquency for the 1931 taxes is the statement of a deputy sheriff who testified that the sheriff's office always sent out registered notices to the tax debtors according to the name and address given on the tax rolls. No return card showing the delivery of the notice to Maggie Jones prior to the tax sale was produced. It was shown that, after several years, the custom of the sheriff's office was to place the old tax records in an attic in the courthouse in order to make room for other records. A search was made in this attic among the old records by one of the attorneys for the School Board, but he was able to find the unclaimed registered notice for the 1930 taxes which was introduced in evidence. So far as the record shows, no proces verbal or list of delinquent tax debtors was made out and filed in the clerk's office giving the names of the delinquents to whom notices were sent as required by Section 51 of Act 170 of 1898, as amended, Dart's Stat. § 8439. The tax deed to Fortenberry states that registered notice was given to the tax debtor.
In view of the fact that it is not shown that the tax collector filed a proces verbal in the clerk's office, the presumption of the regularity of the tax sale, including the proper service of notice, cannot be relied on by the defendant as proof of the service of such notice, and the question of whether or not such a notice was given as required by law is a fact which defendant was required to prove with legal and reasonable certainty. In this connection, the following quotation from the case of Pill et al. v. Morgan et al., 186 La. 329, 172 So. 409, 411, is pertinent to both the law and the facts in the present case:
"As to George Pill, we have the fact that he denied receiving any notice, that the return receipt or record of the notice could not be found in the tax collector's office, or any record thereof, and the circumstances that, although the provisions of Act No. 170 of 1898, under which the sheriff was proceeding to sell the property for the unpaid taxes, required him to execute a procès verbal showing that notice had been given, according to law, and record this instrument in the clerk of court's office, it was not shown by the defendants that this had ever been done. Under these circumstances, it is our opinion that the presumption relied upon by the defendants as to the regularity of the tax deed — in that proper registered notice had been sent to the plaintiff George Pill — was successfully rebutted and negatived, and it was then encumbent upon defendants to go forward and prove that this indispensable provision of the statute had been complied with, in order to give legal effect and validity to the tax deed."
We made the same holding in the case of Hargrove et al. v. Davis et al., 178 So. 198. In the case of Gibbs et al. v. Roos et al., La.App., 178 So. 674, the Second Circuit had a rather similar situation before it and held that, while there is a presumption that all formalities and requisites were complied with in a tax deed so as to make the sale prima facie valid, yet this presumption is rebuttable, and where *Page 641 
the tax debtor, her husband and her son testified that she received no registered notice, and where there was no record of registered mail, or a return receipt card available in the tax collector's office, the court found as a fact that the required notice was not given.
Under the law as interpreted in the above cases in connection with the facts as disclosed in the opinions, we are not in a position to say that the trial court was in error in finding (as he must have found) that the required notice was not given to Maggie Jones prior to the tax sale in this case. It is true that the testimony of Walter Butler is not a flat denial of receiving a notice, but it seems to us if the required registered notice was received by him for his mother there should be some better proof of it, such proof as was offered, for instance, in the cases of Reed v. Stinson, La.App., 188 So. 509, and Avery v. Mayo et al., 161 La. 699, 109 So. 393, where proof was made that the registered notice was received by a third person for the tax debtor, and who was presumably authorized to receive it.
The case of Carey v. Green, 177 La. 32, 147 So. 491, is cited and largely relied on by the defendant, but the difference in that case and the present case is that in the cited case it was admitted that the required registered notice was sent by the collector to the tax debtor at his general mail delivery address, but was not delivered to him for the reason that there was no delivery service at his residence, nor did he call for his mail, whereas, in the present case, as already stated, the proof is not sufficient to show that a registered notice was mailed to Maggie Jones either at Amite or New Orleans prior to the sale.
The judgment ordered the School Board to refund to Fortenberry the amount of the taxes paid by him, with interest. We see no occasion to amend the judgment so as to annul the tax sale only to the extent that it affects the property now owned by the School Board as suggested by the defendant in brief. We have no way of determining the proportion of taxes to be refunded by the School Board, as there is nothing to indicate the proportionate value of the property purchased by it and that retained by the tax debtor.
For the reasons assigned, the judgment is affirmed at the cost of defendant in both courts.