REGAN, Judge.
This is an appeal by the defendant, Lawrence T. Kirn, Sr., from a judgment in favor of the plaintiff, The Gull Hunting & Fishing Club, Inc., annulling a tax sale made to the defendant for unpaid state taxes for the year 1947 on the property described hereinafter as:
“Two (2) Lots and improvements thereon located in the Third District of the City of New Orleans in square bounded by Prairie Land, Canal Unit No. 2 and Section ‘C’, designated as Lots 19 & 20, measuring 100 feet front on the public road by 100 feet in depth.”
Plaintiff, The Gull Hunting and Fishing Club, Inc., acquired this property from Clifford Glunk by act before Joseph Blasi, Notary Public, dated March 16, 1944, and registered in C.O.B. 528, Folio 461. Subsequently, the property was adjudicated to L. T. Kirn (Lawrence T. Kirn, Sr.) for the delinquent taxes for the year of 1947, under an assessment appearing in the name of The Gulf Fishing and Hunting Club, Inc., and an Act of Confirmation of said adjudication was passed before Milton J. Montgomery, Notary Public, dated December 13, 1948, registered in C.O.B. 558, Folio 596.
Plaintiff contends that it is entitled to have the sale of December 13, 1948, to the defendant set aside for two reasons (a) that this property was sold by the State in the name of a corporation [1] which was neither the record owner nor the actual owner and (b) the notice of delinquency and intention to sell, as required by the Constitution of the State of Louisiana 1921, Article X, Section 11, LSA and LSA-R.S. 47:2180 was not complied with.
Defendant, on the other hand, insists that (a) the name Gulf Hunting and Fishing Club, Inc.,[2] is sufficient to form the basis of a proper assessment and (b) there exists a presumption that all formalities and requisites were complied with in the tax deed so as to make the sale prima facie valid.
We pretermit the first question posed for our consideration that is, whether the name of Gulf Hunting and Fishing Club, Inc., as distinguished from its legal name The Gull Hunting and Fishing Club, Inc., is sufficient to form the basis of a proper assessment and pass on to a consideration of whether the notice of delinquency and intention to sell, as required by the Constitution and the Revised Statutes of the State of Louisiana, was complied with.
The pertinent portion of the Constitution of Louisiana of 1921, Article X, Section 11 provides in part:
“There shall be no forfeiture of property for the non-payment of taxes, but at the expiration of the year in which said taxes are due, the collector shall, without suit, and after giving notice to the delinquent in the manner provided by law, advertise for sale *85 * * *, and on the day of sale he shall sell * * * the least quantity of property which any bidder will buy for the amount of taxes, interest and costs. * * * All deeds of sale made * * * by the collectors of taxes, shall be received by courts in evidence as prima facie valid sales.”
The Constitution, therefore, provides that notice must be given to the tax delinquent and LSA-R.S. 47:2180 describes the manner in which this notice shall be served in the Parish of Orleans. It reads in part as follows:
“A. On the second' day of January each year, or as soon thereafter as possible, the tax collector shall address to each taxpayer who has not paid all the taxes, which have been assessed to him on immovable property, or to the record owner of the property for which the •taxes are delinquent, or to the .actual owner in the event the record owner is deceased, written or printed notice in the manner provided for herein that his taxes on immovable property must be paid within twenty days after the service or mailing of the notice, or that the property will be sold according to law.
“B. The tax collector shall send to each taxpayer by registered mail the notice prescribed herein, provided that in cities containing a population of over fifty thousand persons, the tax collector may either send this notice by registered mail or may make personal or domiciliary service on the taxpayer. After the tax collector shall have completed the service of the notices herein required, either by mail or by personal or domiciliary service, he shall make out a proces verbal stating therein the names of delinquents so notified, their post office addresses, a brief description of the property, the amount of taxes due and how the service of notice was made. * * * In the parish of Orleans, such proces verbal shall be filed in the office of the state tax collector for the City of New Orleans and preserved for record. This proces verbal shall be received by the courts as evidence. * * *
“C. The tax collector shall publish one general notice substantially in the form set forth herein, addressed to all unknown owners of assessed immovable property situated in his parish, and to nonresident owners of such .property whose post office address is unknown * * *. Such notice shall be published once a week for two weeks in a newspaper published in his parish * * ' *. The collector shall certify on his tax rolls that he has published the notices, and the certificate on either roll shall make , full proof thereof until disproved in a judicial proceeding.”
We are fully cognizant of the general rule that there exists a presumption to the effect that all formalities and requisites have been complied with in the confection of a tax deed so as to make the tax sale prima facie valid, however, this presumption is rebuttable [3] and when the Chief Clerk[4] in the office of the State Tax Collector ’for the Parish of Orleans testifies[5] *86 from the records of that office that no notice was served upon the tax debtor this, reduces the tax sale to an absolute nullity.[6]
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.

. Gulf Fishing and Hunting Club, Inc., as distinguished from the legal name thereof The Gull Hunting and Fishing Club, Inc.

. The property was assessed on the 1947 Real Estate assessment roll in the name of Gulf Hunting and Fishing Club and it was sold by tlie State to L. T. Kirn in the name of Gulf Fishing and Hunting Club, Inc. Defendant cites in support of (a) J. M. Guffey Petroleum Co. v. Murrel, 1910, 127 La. 466, 53 So. 705.

. Tangipahoa Parish School Board v. For-tenberry, La.App.1943, 12 So.2d 639; Gottlieb v. Babin, 1941, 197 La. 802, 2 So.2d 218; Hargrove v. Davis, La.App. 1938,178 So. 198.

. Lloyd J. Gisch.

. “Q. I would like to ask you at-the present time, the book shows stubs of delivery, any stubs there showing delivery or attempted delivery to the Gull or Gulf Hunting and Fishing Club?
“A. I have none.
* . , * ‘ * * • *
■ .“The Court: Q. In other words you mean in tliig instance, in this suit here involving the Gulf Hunting and Fishing Club or The Gull Hunting and Fishing jClub, that ’'you -have no notation in your record that a notice was sent?

. Doll v. Montgomery, La.App.1952, 58 So. 2d 573.