the railroad company, are successful and the obstructions removed as contemplated. When this is done and the stream is thus widened, the court may very properly modify the decree, if convinced, that the dangers complained of will be thus obviated. Costs to be paid by appellant.

---

## Stevenson, Appellant *v.* Henderson.

*School law—Taxation—Assessment of taxes for 1911—Act of May 18, 1911, P. L. 309.*

School boards in levying school taxes after the passage of the Act of May 18, 1911, P. L. 309, known as the "School Code" were bound to levy the taxes for 1911, in accordance with the School Code, and not in accordance with the law as it existed prior to the approval of the code.

Argued Nov. 2, 1911. Appeal, No. 223, Oct. T., 1911, by plaintiff from decree of C. P. No. 2, Allegheny Co., Oct. T., 1911, No. 524, dismissing bill in equity in suit of John Stevenson v. J. R. Henderson et al. School Directors of Dormont Borough and Arthur Wessel, Tax Collector. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Bill in equity for an injunction.

SHAFER, J., filed the following opinion:

In this case an answer has been filed and the case set down upon bill and answer. The bill is by a taxpayer against the school directors and tax collector of the Borough of Dormont, praying for an injunction to restrain them from levying and collecting an occupation tax in excess of $1.00, and from requiring the payment of school taxes without allowing a discount of 5 per cent. The question raised by the case is whether the amount of school taxes which may be assessed is governed by the Act of May 18th, 1911, P. L. 309, com-

monly called the "School code," or is to be regulated by the laws theretofore in force. The Act of May 18th expressly provides that it is to go into effect immediately upon its passage. This Act expressly repeals the Act of July 22nd, 1897, P. L. 305, authorizing the levy of a per capita tax of not more than $1.00, and in effect repeals the Act of June 25th, 1885, P. L. 187, which allows the tax collector to allow a discount of five per cent. on taxes paid within sixty days. The School Code provides in Section 2812 for the transition from the old system to that provided by the code, and directs that "all school directors shall levy the school taxes at the time or times and in the manner heretofore fixed by law," and shall continue to serve until their successors have been duly elected and appointed under the code, the time fixed for this change being, in districts of the fourth class, the first Monday of December, 1911. The Act also provides that the first school year and the first fiscal year in districts of the fourth class, of which the borough in question is one, shall begin on the first Monday of July, 1911.

As the School Code is in force since the time of its passage it follows that all proceedings in regard to school matters are to be carried on under its provisions, and any exception to that rule must distinctly appear in the Act. It is claimed by the plaintiff that the direction to the school directors now in office to levy the school taxes "at the time or times and in the manner heretofore fixed by law" is a direction to them to levy such amount of tax as was theretofore authorized by law and to order the collection of the tax by the collector in the manner theretofore authorized. The contention of the defendants is that the clause in question has no reference to the amount of the tax or the subjects of taxation, or the manner of collecting the same, but only authorizes the directors in office at the time of the passage of the Act to levy the taxes required by law, i. e., those required by the code, at the

480    STEVENSON, Appellant v. HENDERSON.

time and in the manner theretofore in use.    In other words, the question is:  What is meant by the expression "in the manner heretofore fixed by law."    We are clearly of the opinion that these words do not authorize existing school boards, in levying the taxes for the current year, as they are directed by the Act to do, to determine the amount and incidence of the tax according to Acts which have been repealed, but only authorized them to levy a tax under the provisions of the new law in the time and way provided for in the old law.    The time is not in question, but the manner of levying the tax according to the former law was that it should be the votes of not less than a majority of the members of the board.    This method is slightly changed in the new law, which provides that the tax shall be levied by the vote of a majority of all members of the board, with a record of how each member voted.

The schood directors of the Borough of Dormont, having levied a tax at a time required by the old law, and so far as appears, having levied the tax by a vote of the majority of all the members of the board, but levied upon the subjects of taxation provided by the new law, seems to us to have done what the law requires, and the bill is therefore dismissed; costs to be paid by the plaintiff.

*Error assigned* was decree dismissing the bill.

*John A. Metz*, for appellant.—Provisions as to the time of making a tax levy and keeping a record of the proceedings in connection therewith are merely directory and not mandatory: Walker v. Edmonds, 197 Pa. 645; Eastburn's App., 2 Chester County Rep. 241.

*Hugh M. Stilley*, for appellees were not heard.

PER CURIAM, January 2, 1912:
The decree is affirmed on the opinion of Judge Shafer.