(No. 16278.—Judgment reversed.)

THE PEOPLE *ex rel.* G. Walter Clark, County Collector, Appellee, *vs.* THE CHICAGO AND EASTERN ILLINOIS RAILWAY COMPANY, Appellant.

*Opinion filed December 16, 1924.*

TAXES—*when amendment is not sufficient to show aye and nay vote of county board.* The purpose of the statute requiring an aye and nay vote entered of record to show the levy of a county tax by the county board is to record the vote of each supervisor and to enable the tax-payer to ascertain or know that the proposed levy received the requisite number of votes to legalize it, and where the record merely recites that the "motion carried," the addition of the words "by yea and nay vote" is not a sufficient amendment to satisfy the law and legalize the tax.

APPEAL from the County Court of Jefferson county; the Hon. JOHN R. PIERCY, Judge, presiding.

ALBERT WATSON, and CONRAD SCHUL, (HOMER T. DICK, of counsel,) for appellant.

Mr. JUSTICE HEARD delivered the opinion of the court:

This is an appeal from a judgment of the county court of Jefferson county against the property of appellant for delinquent county and county highway taxes.

It is contended by appellant that the record of the board of supervisors does not show that these taxes were levied

in accordance with the law.   As the record of the board of supervisors was written originally by the county clerk it showed that a motion was carried to levy the taxes, but the record did not show that the vote upon the motion was taken by yeas and nays, as the law required.   After appellant's objections were filed to the tax in the county court the county clerk changed the record by interlining the words "by yea and nay vote," so that the record upon the hearing read, "Motion carried by yea and nay vote."   The court, upon the hearing, authorized this amendment to be made.

It is contended by appellant that the record, even after amendment, is not sufficient to authorize the levy of the tax. The vote by the board of supervisors by which the levy for these taxes was attempted was an appropriation of public money and could only have been legally made by a yea and nay vote entered of record.   The purpose of the requirement of recording the yeas and nays is to make the members of the county board feel their responsibility and to compel each member to bear his share by a record of his action, and also to enable any tax-payer to ascertain that the proposed levy received the requisite number of votes to legalize it.   The record in question, as amended, does not show how many of the members of the board of supervisors were present, how many of them voted upon the motion, how many voted in favor of or against it, nor how any individual member of the board voted upon the motion. The record falls far short of the statutory requirement that the vote upon the levy of the tax shall be by yea and nay vote entered of record.   The tax levy being void, the county court erred in overruling appellant's objections thereto.

The judgment of the county court is therefore reversed.

*Judgment reversed.*