(103 So. 17)

Nos. 26698, 26717.

GULF REFINING CO. OF LOUISIANA v. McFARLAND, Supervisor of Public Accounts (two cases).

(Jan. 5, 1925. Rehearing Denied Feb. 2, 1925.)

*(Syllabus by Editorial Staff.)*

1. **Appeal and error ⬅1078(1)—Refusal of preliminary injunction on rule nisi not reviewed.**

Where plaintiff's counsel did not argue nor refer to their appeal from judgment denying preliminary injunction on rule nisi, and court, after hearing, issued permanent injunction, refusal of preliminary writ will not be reviewed.

2. **Taxation ⬅535—Credits allowable and payments imputable.**

Credits may be allowed and payments imputed in matters of taxation, particularly where character of and period covered by tax is same as that for which payment is sought to be credited.

3. **Licenses ⬅34—Payment of 2 per cent. tax for severing oil during period covered by later act imposing 3 per cent. tax imputed to latter tax.**

Act No. 140 of 1922, § 21, being invalid, so far as purporting to keep Act No. 31 of 1920 in effect beyond December 31, 1922, when 3 per cent. oil severance tax became effective, amount of 2 per cent tax erroneously collected for first quarter of 1923, should be imputed to 3 per cent. tax.

Brunot, J., dissenting.

Appeal from Twenty-Second Judicial District Court, Parish of East Baton Rouge; W. Carruth Jones, Judge.

Suit by the Gulf Refining Company of Louisiana against W. N. McFarland, Supervisor of Public Accounts. From judgment denying preliminary injunction on rule nisi, plaintiff appeals; and, from judgment for plaintiff on main demand, defendant appeals. Judgments affirmed.

See, also, 154 La. 251, 97 So. 433.

Bullock & Warren, of Ruston, and Barksdale, Bullock, Warren, Clark & Van Hook, of Shreveport, for W. N. McFarland.

D. Edward Greer, of Houston, Tex., J. S. Atkinson and Frederick E. Greer, both of Shreveport, and C. C. Bird, of Baton Rouge, for Gulf Refining Co.

Wise, Randolph, Rendall & Freyer, of Shreveport, for Gilliland Oil Co., amici curiæ.

ROGERS, J. Plaintiff having produced, during the quarterly period ending March 31, 1923, oil of the gross value of $1,860,856.29, on which a severance tax of 3 per cent., amounting to $55,825.76, has been imposed, seeks by this suit to have applied as a credit on the amount due for said tax the sum of $35,164.51, which it has heretofore paid for the privilege of severing said oil from the soil, and to enjoin the defendant from collecting any amount beyond the balance due with the statutory penalties.

A rule nisi issued ordering defendant to show cause why the preliminary injunction applied for should not be granted. On the return day, defendant filed separate answers to the rule and on the merits. The rule nisi was tried on the face of the papers, and judgment was rendered thereon denying the preliminary injunction prayed for. Later, after hearing on the merits, judgment was rendered in plaintiff's favor allowing the credit claimed, fixing the amount to be paid by plaintiff at the balance, $20,661.25, with the penalties alleged to be due, and enjoining defendant from collecting any amount other than that set forth in the judgment, with penalties. Plaintiff appealed from the judgment on the rule nisi, and defendant appealed from the judgment on the main demand. These appeals have been consolidated in this court.

[1] Counsel for plaintiff have not argued nor referred to their appeal from the judgment on the rule nisi, and since the court below, after hearing, issued the permanent injunction sought, it would serve no practicable purpose to review the action of the district judge in refusing a preliminary writ.

[2] On the merits, defendant's contention is that as an official of the state his duty is mandatory, and not discretionary, to enforce the collection of the severance taxes levied under the authority of Act 140 of 1922; that he has no power to compromise with the taxpayers, or to allow taxes falling due to be compensated by any amount previously paid through him to the state; that the object of the present suit is to permit plaintiff to recover, offset, or compensate a claim against the state and to compel defendant to do involuntarily that which he is prohibited by law from doing voluntarily.

It is further contended that defendant was not in error in collecting the license which had accrued on the privilege exercised by plaintiff during the last quarter of 1922; that the amount paid by plaintiff was legally due without regard to the 3 per cent. tax imposed on the privilege to be exercised subsequent to January 1, 1923.

It is sufficient to say, in answer to the first of the aforementioned contentions, that plaintiff is not seeking to recover anything from the state, nor is it attempting to offset a debt due it by the state. The legality of the tax is admitted and a partial payment thereof alleged. Plaintiff is simply asking that it be credited with said payment. There is ample authority for allowing credits and imputing payments in matters of taxation, particularly where the character of, and the period covered by the tax is the same as that for which the payment is sought to be credited. See State v. Hammond Packing Co., 110 La. 180, 34 So. 368, 98 Am. St. Rep. 459; Liquidating Commissioners, etc., v. Marrero, 106 La. 130, 30 So. 305; State v. Fitzpatrick, 140 La. 395, 73 So. 244.

And the same principle is involved in a series of cases holding that where taxes of a particular year are paid, no matter by whom, the state thereby ceases to be a creditor for said taxes and is powerless to proceed against the property on which payment is made. See Wilbert v. Michel, 42 La. Ann. 854, 8 So. 607; Kellog v. McFatter, 111 La. 1037, 36 So. 112; Booksh v. Wilbert Lbr. Co., 115 La. 351, 39 So. 9; Trellieu Lbr. Co. v. Hansen Lbr. Co., 121 La. 700, 46 So. 699.

[3] In support of the second of defendant's aforementioned contentions, it is argued the $35,164.51 was paid for a tax legally and expressly imposed on plaintiff for having exercised the privilege of severing oil from the soil during the last quarter of 1922.

We do not find this contention supported by the record, which shows that the said payment was made in January, 1923, in pursuance of a demand by defendant, for the privilege of producing mineral oil during the first quarter of the year 1923. This is established by the receipts given to plaintiff for said payment; and is corroborated by other receipts issued to plaintiff, showing the previous collection of the tax from it for the privilege of severing natural resources from the soil during the last quarter of 1922.

These receipts are indubitably correct, because they are a part of the series of receipts given for taxes levied under Act 31 of 1920. Under section 11 of said act it was provided that it should become effective from and after July 1, 1920, and the first quarterly reports thereunder were required of the operations of the preceding months ending June 30, 1920. The first receipts for the tax, doubtlessly, were given to plaintiff in accordance with the provisions of said section, and were for the privilege of producing oil for the months of July, August, and September of 1920. The next receipts were for a license based on the operations of said months and for the privilege of producing oil during October, November, and December, 1920. Each of the following quarterly receipts was issued in the same manner including the ones, which are in evidence,

based on the oil "severed during the three months ended September 30, 1922," under which the plaintiff was "hereby licensed to sever natural resources from the soil or water for the quarter ending December 31, 1922, as provided by Act 31 of 1920."

In the case of Gulf Refining Co. v. McFarland, 154 La. 263, 97 So. 433, it was admitted that the said amount was collected from plaintiff as the 2 per cent. severance tax levied under Act 31 of 1920 for the privilege of producing oil and gas during the first quarter of 1923. This admission as one of the "offerings" of that suit is again before this court.

Until the decision of this court in the former suit between the parties, referred to supra, defendant took the position that under section 21 of Act 140 of 1922, he was authorized to demand and collect a 2 per cent. severance tax for the first quarter of 1923 under Act 31 of 1920, and, in addition thereto, the 3 per cent. severance tax provided by Act 140 of 1922 for the privilege of producing the same oil during the same quarter.

This court, however, held in said suit that in so far as section 21 of Act 140 of 1922 purported to keep Act 31 of 1920 in effect beyond December 31, 1922, the date the 3 per cent. severance tax became effective, the new act was invalid, although otherwise valid and constitutional.

Inasmuch as the 3 per cent. tax was the only legally existing severance tax at the time the payment was made and for which plaintiff was liable, it would be highly inequitable and extremely technical to deny plaintiff the right to impute to the payment of the tax for the privilege of producing oil during the first quarter of the year 1923 the amount erroneously exacted and collected from it for the privilege of producing the same oil during the same yearly period.

Defendant has not argued, either orally or in brief, the plea of res adjudicata set up in his answer. The plea was urged in the court below, and was disposed of adversely to defendant's contentions by the district judge in his reasons for judgment, which are in the record. We think the plea is without merit; but, in view of its apparent abandonment in this court, it is not necessary to further discuss it.

For the reasons assigned, the judgments appealed from are affirmed.

BRUNOT, J., dissents.