## Windber Borough School Appeal

510

*Clarence L. Shaver*, for appellants.

*Fike & Cascio*, for school district.

Boose, P. J., November 14, 1949.—This is an appeal by more than 25 aggrieved resident taxpayers of the School District of the Borough of Windber, in this county, from a resolution adopted Tuesday, May 31, 1949, by the board of school directors of the school district, a school district of the third class, levying, assessing and imposing a tax for school purposes upon salaries, wages, commissions and other compensations earned or received on and after the first Monday of July 1949, by residents of the school district, for work done or services performed or rendered in the school district; on net profits earned on and after that date of businesses, professions or other activities conducted by such residents; and a tax of one half cent for every five cents or fraction thereof of admissions to or engaging in any amusement or entertainment within the Borough of Windber for which an admission is charged, contribution received or a collection is made on and after July 4, 1949, until the first Monday of July 1950, under the provisions of the Act of June 25, 1947, P. L. 1145, 53 PS §2015.1. Appellants' petition for this ap-

peal alleges that the resolution is illegal and should be invalidated. The specific objections to the resolution imposing the taxes are, in condensed form, as follows: (a) That the action taken in adopting the resolution is illegal because in violation of the provision of the School Code that there shall be but one levy of school taxes made each year, and averring that the school directors of the school district had already made a levy for school taxes for the fiscal year on March 14, 1949; (b) that the resolution is not in conformity with the act of assembly in that it provides for the levy and collection of a tax "for school purposes," whereas the Act of June 25, 1947, P. L. 1145 authorizes a tax "for general revenue purposes"; (c) that the resolution is in violation of the Act of May 31, 1947, P. L. 634; (d) that the board of school directors by the resolution intends to provide taxes for building a school shop and garage at the high school building, which are permanent improvements or capital outlay and not within the purview of the act of assembly; (e) that the intent and purpose of the act of assembly permitting the imposition of the taxes was to relieve the burdens of taxes on real estate and was not intended as a substitute for the purpose of creating a debt or permanent expenditure or capital outlay but for current revenue only, and (f) that the taxes imposed by the resolution are excessive, unreasonable and illegal. These objections will be considered in their order.

(a) The first objection alleges that the action of the board of school directors of the school district in adopting the tax resolution in question on May 31, 1949, is illegal, because it was not done in pursuance of section 502 of the School Code of May 18, 1911, P. L. 309, as amended, 24 PS §382, which provides that "There shall be but one levy of school taxes made in each school district in each year, which shall be assessed, levied, and collected for all the purposes provided in this act, and

shall be uniform throughout the territorial limit of each school district." This allegation is based upon the assertion that the board of school directors had already made a levy for school taxes for the fiscal year beginning the first Monday of July 1949 by proper action of the board on March 14, 1949. Reference to the minutes of the meeting held on that date discloses only the following informal action: "It was agreed that the millage for 1949 tax be 30 mills for school purposes."

Manifestly, this did not constitute a legal and valid levy of school taxes for the fiscal year of 1949-1950: Walker v. Edmonds, 197 Pa. 645. Since the passage of the Act of May 18, 1911, P. L. 309, known as the School Code, school boards in levying school taxes are bound to levy them in accordance with the School Code: Stevenson v. Henderson, 234 Pa. 478. Section 403 of the School Code, 24 PS §334, provides that "The affirmative vote of a majority of all the members of the board of school directors in every school district in this Commonwealth, duly recorded, showing how each member voted, shall be required in order to take action on the following subjects:—Levying and assessing taxes." It has been held that the yeas and nays are to be recorded only when there are members voting both in the affirmative and negative. Minutes showing that the vote of the directors was unanimous was a substantial compliance with the section: Carns v. Matthews, 114 Pa. Superior Ct. 528, and cases there cited. But the minute in question merely states that it was "agreed" that the millage for 1949 taxes be 30 mills for school purposes. It does not show that there was any vote by the directors upon any motion or resolution to levy taxes for the year, or that it was "agreed" unanimously by the directors present that the millage should be levied for the ensuing school year. Certainly, this action was not even substantial compliance with the statute. So far as our research has extended, it does not appear that the pre-

cise question here presented has been passed upon by any Court in Pennsylvania. However, in looking into other jurisdictions, we find that the Supreme Court of Illinois has decided the question by holding that a motion to levy taxes, not showing how many members were present, how many voted on the motion, how many voted in favor of or against it, or how any individual members voted, did not comply with the statutory requirement that vote on levy of a tax should be by yeas and nays entered of record, and hence the tax levied was void: People ex rel. Clark, County Collector, v. Chicago & E. I. Ry. Co., 314 Ill. 368, 145 N. E. 670.

It is true that subsequent to that action, the president and secretary of the board of school directors signed and delivered the tax warrant to F. A. Millott, the duly elected tax collector of the borough, dated April 8, 1949. This was not done at an official meeting of the board of directors, but at private meetings with the officers at their place of business or at the collector's office. Following a long-time practice, the tax collector procured the blotter or tax duplicate from the office of the county commissioners containing the names of the taxpayers and the assessed valuations of their properties. After receiving the tax warrant in the manner stated and having been informed that the tax levy would be the same, he computed the amount of the school taxes, and mailed out the tax notices and statement of taxes to all the taxpayers in the borough. As the result of these notices, he collected school taxes during the months of May and June 1949 in the amount of $80,647.18 which amount has been turned over to the treasurer of the school district, less the tax collector's commission. It thus appears that the school district has received the amount of school taxes collected under an illegal and invalid tax levy. The taxpayers will be entitled to a credit for the taxes thus collected under an illegal levy upon a valid levy: Gulf Refining

Co. v. W. N. McFarland, 157 La. 713, 103 So. 17, or the amount of school taxes so collected will have to be refunded to the taxpayers under the authority of the Act of May 21, 1943, P. L. 349. The amount of the taxes collected under a void levy did not preclude or estop the board of school directors from subsequently making a valid levy of school taxes. The first objection to the tax resolution cannot be sustained.

(b) The second objection alleges that the resolution is illegal because not in conformity with the Act of June 25, 1947, P. L. 1145, 53 PS §2015.1, in that it provides for the levy and collection of a tax "for school purposes," whereas the act authorizes a tax "for general revenue purposes." This objection is highly technical and cannot be sustained. The same objection was raised in the case of English et al. v. Robinson Township School District et al., 358 Pa. 45, where the Supreme Court, in passing upon the precise question, said:

"It is also said that the Act is invalid because the authority to tax is 'for general revenue purposes.' In one brief it is contended that conferring on school districts 'the power to raise money "for general revenue purposes" imports that they shall have the right to determine for what purposes other than school purposes the revenue is to be raised.' The act means nothing of the kind. School districts may tax only for school purposes within the constitutional sense and the words 'for general revenue purposes' mean the general revenue purposes so permitted by law."

(c) The third objection alleges that the resolution is in violation of the provisions of section 1 of the Act of May 31, 1947, P. L. 343, 24 PS §610. The act is a further amendment of section 563 of the School Code and requires the board of school directors of school districts of the third class, annually, at least 30 days prior to the adoption of the annual budget, to prepare a pro-

posed budget of the amount of funds that will be required by the school district in its several departments for the following fiscal year. The proposed budget shall be printed, or otherwise made available for public inspection to all persons who may interest themselves, at least 20 days' prior to the date set for the adoption of the budget. Final action shall not be taken on any proposed budget until after 10 days' public notice. The evidence shows substantial compliance with the requirement of the act. Public notice of adoption of the proposed budget was given by advertisement in the Windber Era, a newspaper of general circulation published in the Borough of Windber, beginning with the issue of Thursday, May 19, 1949, and ending with the issue of Thursday, June 2, 1949. The adoption of the budget was not until May 31, 1949, which was more than 10 days' after the public notice was first given. The evidence does not substantiate petitioners' third objection to the tax resolution.

(d), (e), (f). The fourth, fifth and sixth objections have been argued together as one and will be considered in the same manner. In support of these objections, it has been argued and contended that the taxes levied by the resolution are excessive and unreasonable. It is true that the budget adopted for the school year 1949-1950 does show the staggering increase of expenditures in the amount of $58,110 over the expenditures for the previous year ending the first Monday of July 1949. The budget, which is the basis for the tax levy for the current school year, was prepared on printed forms furnished by the Department of Public Instruction, and shows a summary of proposed expenditures amounting to $326,800, and estimates receipts in the same amount. The budget is balanced. The only limitation placed upon a board of school directors in adopting the annual budget is that "the total amount of such budget shall not exceed the amount of funds, including

the proposed annual tax levy and State appropriation, available for school purposes in that district", which constitutes an express prohibition of the adoption of a budget the total amount of which exceeds the tax levy and State appropriation: Marsh v. Erhard et al., 354 Pa. 570.

Appellants' objection to the tax resolution in question and their contention that the taxes levied thereby are excessive and unreasonable are not self-sustaining; and the burden of proving the allegations of the petition for an appeal rests upon appellants. Appellants have failed to meet and sustain the burden of proof. The preparation and adoption of a school budget and the making of an annual tax levy in a school district of the third class is the responsibility of the duly elected board of school directors. They are vested with the exercise of sound discretion in the determination of school policy and administration, so long as they do not act arbitrarily or capriciously. The court may not substitute its judgment for that of the board of school directors; and when the action of the school board is challenged with respect to matters committed to its discretion, the challengers have a heavy burden of showing that their action is arbitrary or capricious: Lamb v. Redding, 234 Pa. 481; McLaughlin et al. v. Lansford Borough School District et al., 335 Pa. 16; Hibbs v. Arensberg et al., 276 Pa. 26; In Farris v. Swetts, 158 Pa. Superior Ct. 645, the court said:

". . . when one attacks the action of a School Board concerning matters committed by law to its discretion, he has a heavy burden as the Courts are not prone to disturb a school board's decision. Indeed, they are without jurisdiction to interfere therewith unless it is apparent that the school board's conduct is arbitrary, capricious and to the prejudice of public interest. Lack of wisdom or mistaken judgment is insufficient": Bev-

ington v. School District of Coraopolis, 96 Pitts. L. J. 155, is to the same effect.

It will also be observed that the Act of June 25, 1947, P. L. 1145, permitting an appeal from a resolution adopted in pursuance thereof expressly limits and restricts the court's jurisdiction by providing as follows:

"It shall be the duty of the Court to declare the ordinance and the tax imposed thereby to be valid unless it concludes that the ordinance is unlawful or finds that the tax imposed is excessive or unreasonable; but the Court shall not interfere with the *reasonable discretion* of the legislative body in selecting the *subjects* or *fixing the rates* of the tax."

It is our conclusion that the tax resolution under consideration is not unlawful; and from the evidence we are unable to find as a fact or conclude as a matter of law that the taxes imposed thereby are excessive or unreasonable.

In conclusion, it may be observed that appellant taxpayers have a real grievance against the board of school directors of the school district, but their grievance cannot be considered and redressed in this proceeding. Over objections by appellees' counsel, the auditors' report of the audit made of the Windber Borough School District for the school year 1948-1949 was admitted in evidence. This report makes the startling disclosure that during the school year the expenditures made by the board of school directors exceeded the budget in the amount of $53,351.10; and exceeded the receipts, including so-called short term loans in the amount of $49,833.33, to the extent of $772.72. An appeal from the auditors' report is pending and will be heard in due course. It is unnecessary to cite any authorities at this time to show that the actions were illegal and void, and may eventually subject the board of school directors to a surcharge or removal from office for disregard of duty. These matters

cannot be considered in connection with the present appeal.

*Order*

Now, November 14, 1949, appellants' objections to the tax resolution are overruled, and the appeal is dismissed at the costs of appellants, without prejudice.