CRAIN, Judge.
Union Exploration Partners, Ltd., Limited Partnership (UXP) petitioned the court for review of a judgment of the Board of Tax Appeals (Board) dated May 25, 1989. That judgment found that UXP had overpaid sales and use taxes in the amount of $360,443.86. However, the Board refused to order the Department of Revenue and Taxation (Department) to “credit or offset the overpayment against any underpayments of Louisiana sales or use taxes by UXP.” A motion for summary judgment was filed by UXP on May 17, 1991 along with a stipulation of facts entered into between UXP and the Department. The motion was set for hearing on June 14, 1991, and on that date the trial court issued oral reasons for judgment stating “the taxpayer should be entitled to a refund of all funds paid in excess of the two thousand something dollars plus interest”. On June 26, 1991, a judgment was signed ordering the Department to refund to UXP $661,991.45 with legal interest from June 28, 1989, the date paid under protest, until paid. The Department appeals urging three assignments of error: 1) it was error to grant the motion for summary judgment; 2) it was error to allow UXP to offset underpayments against overpayment; 3) it was error to order refund of taxes in the amount of $661,991.45 paid under protest by UXP for the period 1982 through 1985.
The only reason asserted as error for granting the motion for summary judgment is that it should not be granted because under the circumstances present here UXP should not be allowed to offset overpayments against underpayments. That is the sole issue presented on appeal.
The record, including the proceedings before the Board, reflects that during the years 1982 through 1985 UXP paid sales tax on diesel fuel used in boats operating from points in Louisiana to points in federal waters beyond the three mile limit. As determined by the Board from the evidence the amount of these taxes was $360,448.86. During the years these taxes were paid all parties were conducting business in the belief that the taxes were properly due and owing. Consequently, the taxes were not paid under protest. However, on January 12, 1987, the Louisiana Supreme Court decided Sales District No. 1 of the Parish of Lafourche v. Express Boat Company, *856 Inc., 500 So.2d 364 (La.1987). That case disallowed the collection of sales tax on diesel fuel used in boats operating from Louisiana into federal waters. As a result of that decision the taxes valid when assessed became invalid.
Meanwhile, the Department was conducting a sales and use tax audit of UXP for the period January 1,1982 through December 31, 1985. Not considering any of the payments made by UXP on diesel used in boats operating only in federal waters, the Department determined that UXP had underpaid sales/use taxes for the period audited in the amount of $362,526.45. When notified of this assessment UXP paid the amount assessed plus interest on the taxes and penalties under protest in accordance with La.R.S. 47:1576. The total amount paid under protest was $665,816.34.
On March 13, 1989, UXP filed with the Board of Tax Appeals a petition for a refund or a credit or to recover taxes erroneously paid. This petition dealt with the payment of taxes on the diesel fuel which were not paid under protest. This suit was filed against the Department and requested a refund of the $360,443.86 or alternatively an order that the Department credit UXP against the underpayment. On May 25, 1989, the Board rendered judgment acknowledging the overpayment, but refusing to refund or credit against the underpayment. On June 21, 1989, UXP petitioned the 19th Judicial District Court to review the judgment of the Board. Additionally, on July 20, 1989, UXP filed suit in the 19th Judicial District Court for a refund of the taxes paid under protest. The two suits were consolidated resulting in the summary judgment ordering the refund of the $661,991.45 paid under protest. Since there was an underpayment of $362,526.45 by UXP allowing a refund of that amount plus penalties and interest owed thereon amounts to crediting UXP with the $360,-443.86 overpayment and eliminating the penalties and interest due on the underpayment.
The Board determined that an overpayment was made with reference to the diesel fuel in the amount of $360,443.86. There is no dispute over the fact of overpayment nor the amount. The Board refused to order a refund of the overpayment. The trial court made no determination of entitlement to a refund. It simply credited the overpayment to the underpayment. We determine the Board’s refusal to order a refund was correct. La.R.S. 47:1621(D) provides that a refund is not authorized when overpayment is “through a mistake of law arising from the misinterpretation by the collector of the provisions of any law ...”. The remedy of a taxpayer in such instances is not refusal but “payment under protest and suit to recover ...”. Additionally, a refund in this instance is not authorized by La.R.S. 47:1621 Bil-S).[1]
Under La.R.S. 47:1621 there is an overpayment when a tax is paid when none was due. Limitations are placed on the right of the taxpayer to a refund even though there may be an overpayment. The limitations of La.R.S. 47:1621 refer specifically to refunds, not to credits. However, crediting is provided for in La.R.S. 47:1622, but only where a refund is due for an overpayment. That is the only statutory authority for a credit. Even then the courts have taken a restrictive view of crediting, limiting it to overpayments and underpayments occurring in the same tax year and requiring the taxes to be of the same character. Gulf Refining Co. of Louisiana v. McFarland, 157 La. 713, 103 So. 17 (1925). Since crediting of taxes is specifically limited by statute to situations where there is an overpayment and a refund is due, credit does not take place by operation of law because of compensation. The general law of compensation cannot apply to provide a credit where the legislature has specifically limited credits.
Although we recognize there is merit to the argument that allowing a credit would prevent the fiscal problems inherent in a *857 refund, we cannot supply language to the statutes involved to allow credits where the legislature has allowed them in only one instance, where a refund is allowable. Consequently, the summary judgment of the trial court allowing a credit of overpayment against underpayment is reversed. The matter is remanded for further proceedings in accord with this decision. Costs are to be paid by appellee.
REVERSED AND REMANDED.

. La.R.S. 47:1621 B was amended effective July 1,1991 to add three categories where a refund is authorized. This amendment was not in effect when judgment was signed in this case. In any event the amendment would not authorize a refund herein.