STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

14-22

CAJUN INDUSTRIES, LLC, ET AL.

VERSUS

VERMILION PARISH SCHOOL BOARD, ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 97,190, Div. J
HONORABLE KRISTIAN DENNIS EARLES, DISTRICT JUDGE

**********

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, James T. Genovese, and John E. Conery, Judges.

AFFIRMED IN PART, REVERSED IN PART,
AND REMANDED WITH INSTRUCTIONS.

David Rollins Cassidy
Breazeale, Sachse & Wilson, L.L.P.
P. O. Box 3197
Baton Rouge, LA 70821
Telephone:  (225) 387-4000
COUNSEL FOR:
        Plaintiffs/Appellees – Cajun Industries, LLC and Cajun Maritime, LLC

Robert R. Rainer
Rainer, Anding, Talbot & Mulhearn
8480 Bluebonnet Boulevard – Suite D
Baton Rouge, LA 70810
Telephone:  (225) 766-0200
COUNSEL FOR:
        Defendants/Appellants – Vermilion Parish School Board, et al.

**THIBODEAUX, Chief Judge.**

The plaintiffs, Cajun Industries, LLC, and Cajun Maritime, LLC (collectively "Cajun"), sought refunds for the payment of sales and use taxes on allegedly exempt items in the years 2007 through 2011. After a partial refund by the defendant tax collector, Vermilion Parish School Board, Sales Tax Division, Kathryn Vincent, Administrator ("Collector"), Cajun filed suit in the district court. The Collector reconvened for offset. Cajun filed a motion to strike and an exception of prescription, which the trial court granted. For the following reasons, we reverse the judgment of the trial court which struck the Collector's reconventional demand for offset against Cajun's refund claim for its 2010–2011 taxes. We affirm the judgment in all other respects.

I.

**ISSUES**

We must decide:

(1) whether the trial court erred in granting Cajun's exception of prescription in light of La.R.S. 47:337.67 and La.R.S. 47:337.79; and

(2) whether the trial court manifestly erred in granting Cajun's motion to strike the Collector's reconventional demand for offset in light of La.R.S. 47:337.78 and La.R.S. 47:337.81.

II.

**FACTS AND PROCEDURAL HISTORY**

Cajun paid $195,965.09 in sales and use taxes on certain purchases that it made from 2007 to 2010. Cajun later conducted an internal audit and asserted that the purchases were exempt from taxation under La.R.S. 47:305, et

sequitur, as the purchases and leases pertained to ships, barges, and vessels used in federal or coastwise interstate commerce.

In December of 2010, Cajun filed a claim for a refund of the $195,965.09. In May of 2011, Cajun filed a claim for an additional refund of $245,855.61 for sales and use taxes paid in 2010–2011.

In June of 2011, the Collector notified Cajun that it would conduct an audit to verify Cajun's compliance with Vermilion Parish sales and use tax ordinances and relevant state statutes.

In July of 2012, the Collector informed Cajun that it was refunding $7,431.04 on Cajun's first claim and $14,710.20 on its second claim. Those refund amounts were paid.

In correspondence to the Collector, Cajun argued the merits of the full refund requests under the substantive statutes and timely sought a redetermination under the procedural statutes. Cajun did not seek a formal hearing alleging that all documentation regarding the refund claims had been exchanged.

After unsuccessful attempts to settle the remaining disputed refund amounts totaling $419,679.46, the parties stipulated on March, 8, 2013, that all administrative remedies had been exhausted. The stipulation cited the pertinent substantive statutes and indicated that a statutory appeal might follow. On March 14, 2013, the Collector formally affirmed its partial denials of the refund claims.

By way of appeal, Cajun timely filed a petition for refund in the Fifteenth Judicial District Court in Vermilion Parish in May of 2013. The Collector filed an answer and reconvened against Cajun for statutory offset, stating that it expected to find over $100,000.00 in delinquent taxes, interest, and penalties owed by Cajun for the disputed periods, 2007–2011.

2

Cajun filed a motion to strike and an exception of prescription, which the trial court granted. The Collector filed this appeal.

## III.

## STANDARDS OF REVIEW

An appellate court may not set aside a trial court's finding of fact in absence of manifest error or unless it is clearly wrong. *Stobart v. State, Through DOTD*, 617 So.2d 880 (La.1993); *Rosell v. ESCO*, 549 So.2d 840 (La.1989). However, statutory interpretations present issues of law for the appellate court and are thus reviewed de novo. *See Burnette v. Stalder*, 00-2167 (La. 6/29/01), 789 So.2d 573. Statutes imposing taxes are construed liberally in favor of the taxpayer. *See McNamara v. Central Marine Serv., Inc.*, 507 So.2d 207 (La.1987). Statutes providing exemptions from taxation are construed strictly against the taxpayer. *See Vulcan Foundry, Inc. v. McNamara*, 414 So.2d 1193 (La.1981).

## IV.

## LAW AND DISCUSSION

The Collector's affirmative defense and reconventional demand for offset are based upon La.R.S. 47:337.78 and 47:337.81(C). Cajun's motion to strike the demand for offset is based upon the civilian law of compensation, La.Civ.Code art. 1893, and Cajun's position that the Collector's claim for offset against a future finding is premature as offset applies only to liquidated claims. Cajun's exception of prescription is based upon its position that the taxes due on transactions occurring in 2007, 2008, and 2009 prescribed three years from each year's end, i.e., on December 31 of 2010, 2011, and 2012, respectively, pursuant to La.Const. art. 7, § 16, and La.R.S. 47:337.67. We will first address offset.

3

## *Credit and/or Offset*

The civilian law on compensation, as asserted by Cajun via its invocation of La.Civ.Code art. 1893,[1] does not govern in this case. "It is well settled that laws regulating the collection of taxes[,]" like the statutes of the Uniform Local Sales Tax Code (ULSTC), "are *sui generis* and constitute a system to which the general provisions of the Civil Code have little, if any application." *Church Point Wholesale Beverage Co., Inc. v. Tarver*, 614 So.2d 697, 708 (La.1993) (citations omitted). Specifically, pursuant to La.R.S. 47:337.78:

> Before refunding any overpayment, the collector may first determine whether the taxpayer who made the overpayment owes any other liability under any ordinance administered by him. If such be the case, the collector may credit the overpayment against such liability and notify the taxpayer of the action taken.

While this statute is eleven years old, there are no cases interpreting it. Thus, the issue of its application is *res nova*. Prior to the 2003 enactment of the ULSTC, however, the first circuit commented instructively on La.R.S. 47:1622,[2]

---

[1]Compensation takes place by operation of law when two persons owe to each other sums of money or quantities of fungible things identical in kind, and these sums or quantities are liquidated and presently due.

In such a case, compensation extinguishes both obligations to the extent of the lesser amount.

Delays of grace do not prevent compensation.

La.Civ.Code art. 1893.

[2]A. Before refunding any overpayment, the secretary may first determine whether the taxpayer who made the overpayment owes any other liability under any law administered by him. If such be the case, the secretary may credit the overpayment against such liability and notify the taxpayer of the action taken.

B. No refund of income or franchise tax shall be paid by the secretary until any claim of offset filed by the administrator of the Louisiana Employment Security Law under R.S. 23:1733 has been satisfied.

La.R.S. 47:1622.

an almost identical counterpart to La.R.S. 47:337.78, stating that credits and offsets were limited to "overpayments and underpayments occurring in the same tax year and requiring the taxes to be of the same character." *Union Exploration Partners, Ltd., Ltd. Partnership v. Secretary of Dept. of Revenue & Taxation, State of La.*, 610 So.2d 854, 856 (La.App. 1 Cir. 1992) (citing *Gulf Refining Co. of Louisiana v. McFarland*, 157 La. 713, 103 So. 17 (1925)). The first circuit also stated that, because crediting of taxes is statutorily limited to overpayment and refund situations, "credit does not take place by operation of law because of compensation. The general law of compensation cannot apply to provide a credit where the legislature has specifically limited credits." *Id.*

In further support of its right to offset, the Collector asserts La.R.S. 47:337.81(C). It provides that, in answering the plaintiff's appeal on a refund denial in district court, "the collector is authorized to assert a demand for any tax and additions thereto that he may deem is due for the period involved in the claim for refund or credit." La.R.S. 47:337.81(C).

> In construing legislative enactments, we must assume that the Legislature intended every word, phrase, and clause to have some meaning and that none was inserted by accident. Consequently, we will construe every provision of a statute in such a manner so as to give it some effect. Above all else, that interpretation must give a fair and reasonable meaning to the legislation so that the intent of the Legislature is honored.

*Elevating Boats, Inc. v. St. Bernard Parish*, 00-3518, p. 18 (La. 9/5/01), 795 So.2d 1153, 1166 (citations omitted).

Accordingly, we agree with the Collector that La.R.S. 47:337.78 and La.R.S. 47:337.81(C) clearly grant a right of offset to the Collector. They do not, however, state that offset can be applied to prescribed claims.

5

*Prescription*

Ordinarily, the exceptor bears the burden of proof at the trial of the peremptory exception of prescription. *See Spott v. Otis Elevator Co.*, 601 So.2d 1355 (La.1992). If however, the face of the petition shows that the prescriptive period has already lapsed, the plaintiff-in-reconvention in this case has the burden of establishing that suspension, interruption, or renunciation of prescription has occurred. *See Wimberly v. Gatch*, 93-2361 (La. 4/11/94), 635 So.2d 206.

Under La.Const. art. 7, § 16: "Taxes, except real property taxes, and licenses shall prescribe in three years after the thirty-first day of December in the year in which they are due, but prescription may be interrupted or suspended as provided by law."

Louisiana Revised Statutes 47:337.67 (emphasis added) also allows three years to bring a claim for taxes, and it provides specific actions that will interrupt and suspend prescription:

> A. Sales and use taxes levied by any political subdivision shall prescribe as of three years from the thirty-first day of December of the year in which such taxes became due.
>
> B. The prescriptive period running against any such sales and use tax shall be interrupted by any of the following:
>
> (1) The action of the collector in assessing the amounts of such taxes in the manner provided by law.
>
> (2) The filing of a summary proceeding in court.
>
> (3) The filing of any pleading, either by the collector or the taxpayer, with any state or federal court.
>
> (4) The filing of a false or fraudulent return.
>
> (5) The failure to file a return, with the intent to defraud.

C. The running of such prescriptive period may also be suspended as follows:

(1) By means of a written agreement between the taxpayer and the collector made prior to the lapse of such period.

(2) With respect to bankruptcy, for any period from the time the taxpayer files for bankruptcy until six months after the bankruptcy case is closed.

(3) By use of the mandatory arbitration procedure provided for in R.S. 47:337.51.1.

D. (1) The failure to file any return required to be filed by this Chapter shall interrupt the running of prescription, and prescription shall not commence to run again until the subsequent filing of such return. *Once prescription commences to run, the tax, interest, and penalty, or other charge which is reported on such return shall prescribe in three years after the thirty-first day of December of the year of the filing of the return.*

(2) However, if a taxpayer who does not file a tax return required to be filed by this Chapter later becomes responsible for the filing of such return due to a final court decision rendering a transaction or other activity as taxable, and the laws, regulations, or jurisprudence of this state previously classified that transaction or other activity as nontaxable, this provision shall not apply and prescription shall run as if the taxpayer had timely filed the return.

(3) The interruption of the running of prescription due to the failure to file a return reporting a tax shall not apply to any tax periods for which the collector and the taxpayer have entered into a valid and enforceable voluntary disclosure agreement.

. . . .

### Cajun's First Refund Claim

Here, there is no dispute that Cajun filed returns and voluntarily paid the $195,965.09 it claims to have paid in sales and use taxes for the years 2007, 2008, and 2009. The first activity of record is Cajun's refund claim for those three

years, which was received by the Collector on December 28, 2010. There is no assertion by the Collector that any of the above-listed actions interrupting or suspending prescription occurred in this case prior to December 31, 2010, 2011, and 2012, the respective prescription dates. The Collector has not asserted fraud under this statute. Nor has there been an assertion of an amended return, which would also interrupt prescription. *See Elevating Boats, Inc.*, 795 So.2d 1153. The Collector has acknowledged that La.R.S. 47:337.67 does not list a refund request as an action that can interrupt the prescription of a levied tax. Yet, the Collector asserts that Cajun's first claim for refund on December 28, 2010, prevented the running of prescription and opened up the entire tax period for the Collector's claims for taxes. We can find no statutes or jurisprudence stating that a refund request by the taxpayer interrupts prescription in favor of the Collector. However, La.R.S. 47:337.79(A) (emphasis added) clearly states that a refund claim interrupts prescription in favor of the taxpayer:

> A. After three years from the thirty-first day of December of the year in which the tax became due or after one year from the date the tax was paid, whichever is the later, no refund or credit for an overpayment shall be made *unless a claim for credit or refund has been received by the collector from the taxpayer claiming such credit or refund before the expiration of said three-year or one-year period.* The maximum amount, which shall be refunded or credited, shall be the amount paid within said three-year or one-year period. The collector shall prescribe the manner of filing claims for refund or credit.

While the Collector asserts that allowing the taxpayer to seek a refund on some transactions without also allowing the Collector to audit the taxpayer's other transactions for the same period is error, the legislature apparently intended the resulting effect. We believe this is because the taxpayer requesting a refund

8

has already paid his taxes, sometimes monthly,[3] and the Collector is given adequate time, at least three years from each year's end, to audit the taxpayer and assert a false return, make an assessment, file a pleading, or otherwise interrupt or suspend prescription under La.R.S. 47:337.67. This was not done here. Thus, the taxes paid by the taxpayer and received by the Collector for years 2007, 2008, and 2009 were facially prescribed after December 31, 2010, and the Collector has not met its burden of showing otherwise.

### *Offset Demand on Cajun's Second Refund Claim*

As to the Collector's reconventional demand for offset on the 2010–2011 refund claim, the Collector's action would not have prescribed until December 31, 2013–2014. Thus, Cajun's May 10, 2013 court suit appealing the denial of the second refund claim interrupted prescription under La.R.S. 47:337.67(B)(3). The Collector's reconventional demand for offset under La.R.S. 47:337.78, filed in June, 2013, is valid as to those claims.

### V.

### CONCLUSION

Based upon the foregoing, we affirm the portion of the trial court's judgment granting Cajun's exception of prescription as to the Collector's claim of offset against a refund of taxes paid in 2007, 2008, and 2009; we reverse the portion of the trial court's judgment which strikes the Collector's reconventional demand for offset against Cajun's second refund claim on its 2010–2011 taxes. We remand the case to the trial court for a trial on the merits of both of Cajun's

---

[3]*See Elevating Boats, Inc.*, 795 So.2d 1153, where the parish ordinance required sales and use taxes, for example, for January of a given year, to be paid on February 20, with a prescription date three years later on December 31.

refund claims under the substantive statutes, La.R.S. 46:305, et seq., with instructions to allow the Collector to apply offset under La.R.S. 47:337.78 against Cajun's second refund claim for 2010–2011. The costs of this appeal are to be shared equally between the parties.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS.**